[Civil No. 1917.   Filed February 2, 1922.]

[204 Pac. 137.]

O. D. CLACK, W. W. CLACK and G. H. CLACK, Appellants, v. RICO EXPLORATION COMPANY, a Corporation, Appellee.

1. FRAUDS, STATUTE OF—ASSUMPTION OF DEBT NOT WITHIN STATUTE.— An assumption of a debt in consideration of transfer of property does not fall within Civil Code of 1913, paragraph 3272, requiring a writing to·charge one to answer for the debt of another.

2. CONTRACTS—CREDITOR MAY ENFORCE ASSUMPTION OF DEBT.—Where a debt is assumed in consideration of transfer of property, the creditor may enforce the debt against the one assuming it.

APPEAL from a judgment of the Superior Court of the County of Mohave.   E. Elmo Bollinger, Judge. Judgment reversed, with directions.

Mr. Charles L. Lewis, for Appellants.

ROSS, C. J.—O. D., W. W., and G. H. Clack brought suit against the Rico Exploration Company, a corporation, for the sum of $2,500, alleging that it accrued to them on the promise of the defendant to pay to them the debt of one W. W. Lewis in that amount; the consideration for the promise being a transfer from said Lewis of an option upon a certain mining claim to the defendant.   The defendant's answer consisted of a general demurrer and a general

23 Ariz.—25

denial. Judgment was entered in favor of defendant, from which plaintiffs appeal.

The evidence shows that plaintiffs, the Clacks, had obtained from one John Lynch a verbal option to' purchase the Full Moon mining claim for $20,000, to be paid at the rate of $100 per month, and that the first payment had been made when one W. W. Lewis went to see Lynch about buying Full Moon mining claim and was advised by Lynch he could not sell because of the previous option to the Clacks, but that, if the Clack option was out of the way, he would sell to said Lewis. Thereupon Lewis saw the Clacks, and after some dickering agreed to give them $2,500, to be paid July 1, 1919, and 10,000 shares of the stock of the defendant, Rico Exploration Company, for their bargain, to which the Clacks assented and surrendered, or called off, their option. Lewis then secured from Lynch, direct to himself, an option on said mine, agreeing to pay therefor the sum of $20,000. Thereafter Lewis transferred the option he obtained to defendant. At the time Lewis acquired the option from Lynch he was secretary of the defendant, and conferred with the president of said defendant during and after negotiations. So, while the evidence does not directly show that Lewis was acting as the agent of the defendant in securing the option, it does show that the defendant was interested in the option in some way. If Lynch was the agent of the defendant and acted in its behalf in procuring the option, then his promise to pay the $2,500 to the Clacks would in' fact have been the defendant's obligation. If, however, he secured the option in his own right and subsequently assigned it to the defendant with the promise to him by the defendant to pay the Clacks the $2,500, the said promise admittedly not being in writing, the question is whether the promise is void as

being within the statute of frauds. At the close of
the evidence the trial court said:

"As I understand the issues raised in the case, it
now hinges on as to whether or not the defendant
company is bound to pay this $2,500 which Lewis
agreed to pay. As I understand the statute of
frauds, when a person assumes the debt of another, it
has to be done in writing. It looks like that is the
question in the case, and I would not like to pass on
it in just a few minutes time."

It will thus be seen that the court was satisfied that
the evidence showed that the defendant had promised,
either as principal or in the assignment to it of the
option, to pay the $2,500 that Lynch owed the plain-
tiffs, and, if that is so, the court very correctly an-
nounced that the only question was as to whether that
promise, being oral, was within the statute of frauds
and unenforceable. Our statute of frauds (paragraph
3272, Civil Code) provides, among other things, that no
action shall be brought upon any promise or agreement,
unless the same or some memorandum thereof shall
be in writing and signed by the party to be charged
or by some person thereunto lawfully authorized "to
charge any person upon a promise to answer for the
debt, default or miscarriage of another." It will be
noted that the promise alleged and proved is one made
to the debtor, Lewis, and not to the creditors, the
Clacks, and that Lewis, the debtor, actually paid to
the defendant, in consideration of its promise, the
$2,500, owing by him to the Clacks in the transfer of
the option on the Full Moon mining claim. In other
words, the $2,500 the defendant agreed with Lewis to
pay to the Clacks was part of the consideration for
the transfer by him of the option to the defendant.
It would therefore seem that the promise does not
fall within the statute of frauds, and that the defend-
ant's promise was a valid contract inuring to the
benefit of the plaintiffs. It is said in 20 Cyc. 174:

"An oral promise to discharge the debt of another, if made to the debtor himself, is not within the statute of frauds. The statute applies only to oral promises made to a person to whom another is answerable."

The same authority states the general rule to be that an assumption of debt in consideration of transfer of property does not fall within the statute of frauds. 25 R. C. L. 506, section 89, states the general rule thus:

"A promise by one person, though in no way liable for an existing debt, made to the debtor for an adequate consideration to discharge the debt, is not regarded as a promise to answer for the debt of another."

And by the same authority, at paragraph 90, the rule is announced that the purchaser's oral promise to pay the debt of the seller or grantor of personal or real property is not within the statute of frauds. These authorities seem to be conclusive of the question we have. The defendant's promise was not void, but a valid obligation. Since the plaintiffs, while not parties to the defendant's promise, furnished the consideration therefor, they are entitled to enforce its performance. 6 R. C. L. 882, § 271.

The judgment of the lower court is reversed and the cause remanded, with directions that judgment be entered for the plaintiffs as prayed for in their complaint.

McALISTER and FLANIGAN, JJ., concur.