[Civ. No. 8349. First Appellate District, Division Two.—April 25, 1932.]

HELEN BERYL JOHNSON, Appellant, v. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION (a Corporation), Respondent.

Vincent W. Hallinan, Felix M. Cunningham and C. K. Bonestell for Appellant.

Decoto & St. Sure and Burton L. Walsh for Respondent.

NOURSE, P. J.—Plaintiff sued as beneficiary for a policy of insurance issued by defendant. Demurrer to the second amended complaint was sustained and plaintiff, declining to amend, appeals from the judgment thereafter entered.

The complaint alleges that on January 14, 1928, the defendant issued a policy of insurance to C. A. Russell, naming plaintiff as beneficiary; that the policy was issued in consideration of the payment "of an annual premium of seventy-four ($74.00) dollars as follows: the sum of twenty-six ($26.00) dollars as initial payment and as the first quarterly installment and the sum of sixteen ($16.00) dollars as quarterly installments thereafter"; that, on the third day of January, 1929, while said "policy was in full force and effect", the insured died; and that the insured fully paid each installment as it became due and fully paid "the annual premium" upon said policy. The policy of insurance is made a part of the complaint and is pleaded in full as an exhibit. This policy discloses that it was issued upon these express terms: "the payment in advance of twenty-six ($26.00) dollars as first payment; and the payment in advance of premiums of sixteen ($16.00) dollars quarterly or sixty-four ($64.00) dollars annually thereafter, beginning with April 1st, 1928". The term of the policy is declared to begin at 12 o'clock noon on date of issue against accident and to end "at 12 o'clock noon on date any renewal is due". It is also declared that if any installment shall be unpaid on the day such payment is due "the policy shall terminate on the day such payment is due".

The parties agree that the plaintiff is bound by the terms of the policy pleaded and it is not necessary to cite authorities to that point. It is apparent that the policy gave the

insured the option of paying an annual premium of $64.00, or a quarterly premium of sixteen ($16) dollars. If he chose the former plan the full annual premium was due April 1, 1928, and this, if paid, would extend the policy to April 1, 1929. If he chose the latter plan, quarterly payments were due April 1, 1928, July 1, 1928, October 1, 1928, and January 1, 1929. If he had paid the annual premium on April 1, 1928, or the quarterly premium on January 1, 1929, the policy would have been in force at the time of his death on January 3, 1929; otherwise it would have lapsed under the plain terms of the policy.

The complaint alleges that the policy was issued upon payment of the sum of $74 as *an annual premium* and the sum of $16 as quarterly installments thereafter and follows this with an allegation that the insured complied with all the terms of the policy. We can take this allegation as meaning nothing more than that the insured complied with the terms of the policy as interpreted by plaintiff in her complaint. But it is apparent that plaintiff has incorrectly interpreted the plain terms of the policy. If the assured paid, as alleged, the sum of $26 ''as initial payment'' upon an *annual* premium, then he was required to pay the sum of $64 on the first day of April following. He could not have kept his ''annual premium'' in good standing by making ''quarterly installments thereafter''. On the other hand, it is clear from the pleading that the insured paid in $74 all told—$26 as an initial payment and $16 as quarterly installments on April 1st, July 1st and October 1st. Under the plain terms of the policy another installment was due on January 1, 1929. If this installment had been paid it would have been a simple matter to have alleged it. The fact that the plaintiff filed three complaints, and thus had ample opportunity to meet this objection, would indicate that it was not a fact which could be pleaded.

The proper interpretation of the policy is governed by *Methvin* v. *Fidelity Mutual Life Assn.*, 129 Cal. 251, 256, 257 [61 Pac. 1112]. The question whether the law of the place where the policy was issued or of the place where payments were to be made is not involved. There is nothing in the pleadings or in the briefs which would call for an interpretation different from that sanctioned by our own court.

*Stinchcombe* v. *New York Life Ins. Co.*, 46 Or. 316 [80 Pac. 213, 215], is not inconsistent with the ruling in the Methvin case. There the policy was issued upon payment of a premium which expressly carried the term of the policy two full years. In the policy here involved the termination of the policy was expressly fixed as of certain date, which was prior to the death of the insured.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 25, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 24, 1932.

Preston, J., dissented.