[Civ. No. 8532. First Appellate District, Division One.—September 21, 1932.]

GENERAL MILL AND LUMBER CO. (a Corporation), Respondent, v. H. L. ROBERTSON et al., Defendants; ARABELLE SIEMSEN, Appellant.

True Van Sickle for Appellant.

L. L. Steele for Respondent.

THOMPSON (GEORGE H.), J., *pro tem.*—The plaintiff, General Mill and Lumber Co., commenced action in the lower court on three separate counts of its complaint, to establish indebtedness against the said defendants and to foreclose against the said defendants liens set forth in the said three counts. To the said complaint and to each count thereof the said defendant Arabelle Siemsen filed an answer. During the course of the trial of said action, said plaintiff dismissed said action as to the real property described in the complaint and abandoned its action for foreclosure of the respective liens.

The said action was tried upon the issues raised by plaintiff's complaint and defendant's answer thereto. The court upon the submission of said cause of action rendered personal judgment in favor of the plaintiff and against said defendant Arabelle Siemsen on two counts. As to the other count, the court found that the plaintiff was not entitled to personal judgment against the defendant Arabelle

Siemsen. The personal judgment so rendered against the defendant Arabelle Siemsen was rendered by the court upon its finding and determination that H. L. Robertson was the agent of Arabelle Siemsen in the purchase of the material and in the employment of labor used in the construction of an apartment building built on her premises. It is contended by the appellant that H. L. Robertson was not the agent of said defendant, but was in fact and in law an independent contractor under a contract with the said defendant in the nature of a cost-plus contract, and it is also contended that the court's finding that said H. L. Robertson was the agent of defendant in the premises is unsupported by either pleading or proof.

In connection with the objection that there was an insufficient pleading that Arabelle Siemsen was principal and that H. L. Robertson was her agent, it must be said that paragraph VIII of the first count of the complaint—repeated in each of the other two counts—reads as follows: "That at all times herein mentioned the above named defendant, H. L. Robertson, was the duly authorized and acting agent of the above named defendant, Arabelle Siemsen, and at all times herein mentioned was acting for and on her behalf." Such a pleading has been held sufficient to charge the principal. See *Cochran & Van Winkle* v. *Goodman*, 3 Cal. 244, where it is held that a declaration setting forth that plaintiff had purchased goods from W. & P. "then and there acting as the agents for defendant" is only another form of declaring that he had purchased from the defendant and is sufficiently certain to prevent any misapprehension of its meaning and is good on demurrer. That declaration is also responsive to the objection of the appellant on like ground to the finding of the court.

As to the proof bearing on the question whether H. L. Robertson was an independent contractor on the cost-plus or other basis, or the agent and representative of Arabelle Siemsen in the matters involved herein, we have by reason of the contention of appellant carefully read the record, and while we find presented a situation somewhat unusual in the way of contract, nevertheless it is apparent that the question to be answered in this aspect by the trial court was a mixed question of law and fact

under all the evidence in the case (*Luckie* v. *Diamond Coal Co.*, 41 Cal. App. 468 [183 Pac. 178]), and we think the evidence is sufficient to support the court's finding and conclusion that H. L. Robertson was acting for Arabelle Siemsen as her agent and managing superintendent, and that he was not an independent contractor. As to agency, see 1 Cal. Jur., sec. 131, p. 854; *Schader* v. *White*, 173 Cal. 441 [160 Pac. 557]; *Eldridge* v. *Mowry*, 24 Cal. App. 183 [140 Pac. 978]; *Puget Sound Lumber Co.* v. *Krug*, 89 Cal. 237, 243 [26 Pac. 902].

We do not feel warranted in disturbing the judgment of the trial court. The said judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.