[Civ. Nos. 12911, 12893.   First Dist., Div. Two.   Oct. 25, 1945.]

JOSE FRUNS, Appellant, v. E. F. ALBERTSWORTH et al.,
Respondents.

Francis Gill for Appellant.

E. F. Albertsworth, in pro. per., and J. M. Atkinson for Respondents.

NOURSE, P. J.—Two appeals have been consolidated for hearing, one taken from a judgment following an order sustaining a demurrer to the second amended complaint without leave to amend (No. 12911), the other from an order dissolving an attachment in the same cause (No. 12893).

The first cause of action is one on a written contract dated October 18, 1943, but the place of execution is left in confusion because of the record in the attachment proceedings, which will hereafter be noted. On the face of the agreement it is stated that it was executed at Nogales, Arizona. In the original complaint which appears in the record on the second appeal, and to which we may refer by the stipulation of consolidation, it is alleged that the agreement was executed at Hermosillo, Mexico, but was dated at Nogales, Arizona, for the express purpose of having the laws of the State of Arizona control its provisions. In the second amended complaint to which the demurrer preceding the judgment was sustained it is alleged that the agreement was executed at Palo Alto, California. ■ Confining our discussion therefore to the order sustaining the demurrer to the second amended complaint we must assume that the cause of action is based upon an agreement executed in this state and therefore it is to be interpreted by the rules applicable in this state.

■ Though a number of parties were made defendants the demurrer and judgment relates only to E. F. Albertsworth and his wife. They were sued on the theory that by the terms of the written contract they undertook to pay the plaintiff the sum of $5,000 which it is alleged the plaintiff advanced to them "respectively, jointly, and severally." The provisions of the contract upon which the action is founded read:

"Special provisions concerning Mr. Fruns' brother (Jose Fruns) and Mr. Fruns himself, (Pedro J. Fruns) before formation of proposed corporation.

"Before the corporation is formed, and before any profits accrue to the corporation, it is agreed between the parties that Mr. Fruns shall discharge to his brother an obligation of approximately $5,000.00—FIVE THOUSAND DOLLARS, U. S. Cy., equivalent to $25,000—twenty-five thousand pesos Mexican currency, from net profits of the sales of ore or concentrates."

It will be noted that the parties therein agreed to this and nothing more: that "before the corporation is formed and before any profits accrue to the corporation" Pedro J. Fruns shall discharge to the plaintiff an obligation apparently owed from brother to brother. There is no language in this or any other portion of the contract which would support an inference that the defendants Albertsworth undertook to discharge Pedro's obligation to his brother.

Aside from this there is no allegation in the complaint that the corporation has been formed or that any profits have accrued to the corporation. It is alleged that defendants appropriated and expended some funds for their own benefit but whether this was in excess of the $2,000 which the parties agreed Pedro Fruns was entitled to retain does not appear.

Appellant relies on an assignment executed six months after the date of the original contract and executed by the two respondents stating that the laws of the State of Arizona were controlling and that such was the intention of the parties when the October agreement was made. The purpose of this reference is to draw the cause within the rule of authorities within the jurisdiction of Arizona relating to the right of a party to sue upon a contract made for his benefit. If this were such a contract the cited authorities might be applicable but it is not that kind of a contract. They did not agree to discharge Pedro Fruns' obligation. They merely agreed that before the corporation was formed and before they took any profits Pedro himself should discharge that obligation. Manifestly under the California law (Civ. Code, § 1559) the contract here in dispute was not "made expressly for the benefit of" the appellant. Even under the Arizona law (see *Clack* v. *Rico Exploration Co.*, 23 Ariz. 385 [204 P. 137] and *Duncan* v. *Nowell*, 27 Ariz. 451 [233 P. 582]) there must be a promise of the contracting parties to pay before one who is not a party to the contract may sue to recover payment under it. Here we may assume the contract binding upon Pedro Fruns to pay his brother. No such obligation rests upon these

respondents. They promised to refrain from taking profits out of the venture until that obligation had been cancelled and the complaint does not allege that they breached that undertaking.

Reference should be made to the allegations found in paragraph seven of the amended complaint to the effect that prior to the execution of the agreement the defendants "recognized" that plaintiff had advanced to them "respectively, jointly, and severally" the sum of $5,000. If such were the fact we do not understand why it was not pleaded explicitly and fairly that plaintiff advanced to all the defendants jointly and severally the sum alleged. To state that they "recognized" such had been done is but an equivocal conclusion which is directly contrary to the express terms of the agreement upon which the appellant relies.

There was no error in the judgment insofar as it related to the second cause of action. It pleaded a case on a common count based upon the written contract. Where a written contract is the basis of one count of a complaint wherein all the facts upon which the demand for recovery are specially pleaded, and a demurrer is sustained to that count without leave of amendment, it is not error to sustain a demurrer to a common count pleaded as a second cause of action which is obviously based upon the same set of facts pleaded in the other count. (*Harris* v. *Kessler*, 124 Cal.App. 299, 303 [12 P.2d 467]; *Hays* v. *Temple*, 23 Cal.App.2d 690, 695 [73 P.2d 1248]; *Rose* v. *Ames*, 53 Cal.App.2d 583, 589 [128 P.2d 65]; *Orloff* v. *Metropolitan Trust Co.*, 17 Cal.2d 484, 489 [110 P.2d 396].)

*Appeal No. 12893*

This is an appeal from an order dissolving an attachment. The notice of motion to dissolve was filed September 7, 1944. The grounds of the motion were that the action was based upon a written contract which was neither made nor payable in this state. Plaintiff filed a counteraffidavit stating that though the contract was originally drawn in Hermosillo, Sonora, Mexico, it was amended, accepted and affirmed at Palo Alto, California. On the hearing plaintiff offered in evidence two telegrams. One was addressed to defendant Gibson of Palo Alto, California calling his attention to a failure to comply with his obligations under the contract. The

second telegram was addressed to defendant Albertsworth and signified Gibson's intention to comply with the contract. The trial court rejected the offer of both telegrams in evidence and this is assigned as error. On September 14, 1944, the order dissolving the attachment was entered and thereafter on September 20, 1944, the second amended complaint, which was considered on the first appeal herein, was filed.

The motion to dissolve the attachment was therefore heard upon the original complaint which alleged explicitly that the contract which was the foundation upon which the complaint was founded was "executed" at Hermosillo, Mexico, and that it was dated at Nogales, Arizona, for the "express purpose, intended by the parties thereto, defendants herein, of having the laws of the State of Arizona control the provisions thereof."

The proffered evidence of the telegrams dated January 19, 1944, would have shown nothing more than the parties were still acting under the written contract. When the appellant's affidavit for an attachment was filed on July 10, 1944, it was based upon this original complaint and the statement therein that the contract which was the basis of the suit was payable in this state was not a correct statement of the fact as disclosed by the verified pleadings as well as by the contract of the parties.

On this appeal the appellant does not rely upon this statement that the contract was "payable" in this state but he argues that if the proffered telegrams had been admitted in evidence they would have shown that the contract was "made" in this state. Section 538 of the Code of Civil Procedure provides that the affidavit shall state the facts specified in section 537 which entitle the plaintiff to the writ. Here the affidavit contained the conclusion of the affiant that the contract was payable in this state when all the conceded facts showed to the contrary. The affidavit of the defendant Albertsworth in support of his motion to dissolve the attachment expressly stated that the cause of action upon which appellant relied was based upon an express contract which was neither made nor payable in this state. The trial court believed the facts to be as so stated and rejected the claims of the appellant. This presents the simple question of the finality of the findings of the trial court upon conflicting evidence. It is needless to cite authorities holding that a reviewing court will not interfere under those circumstances.

The judgment in Civil No. 12911 is affirmed and the order dissolving the attachment in Civil No. 12893 is affirmed.

Goodell, J., and Dooling, J., pro tem., concurred.

A petition for a rehearing was denied November 24, 1945, and appellant's petition for a hearing by the Supreme Court was denied December 20, 1945. Carter, J., voted for a hearing.