[Civ. No. 4768.   Fourth Dist.   Nov. 4, 1954.]

BERNADINE CORLEY PHILLIPS, Appellant, v. RESERVE LIFE INSURANCE COMPANY, Respondent.

William T. Dalessi and Clarence Sprague for Appellant.

Maurice J. Hindin and Melvin E. Kassan for Respondent.

GRIFFIN, J.—The trial court sustained defendant's demurrer to plaintiff's second amended complaint without leave to amend and ordered a dismissal of the complaint. Plaintiff appealed. A demurrer to the second amended complaint by a codefendant, William J. Coffman, was overruled.

This amended complaint alleges as a first cause of action, in substance, that about June 1, 1952, defendant Reserve Life Insurance Company (hereinafter referred to as the company) issued a policy of insurance in the sum of $10,000 on the life of Hyde Phillips (a copy of the policy is attached to the complaint); that the premiums called for were monthly premiums of $24.99, and the policy provided that these premiums were to be paid by government allotment of $24.99 per month; that defendant Coffman is a duly authorized agent of the defendant company and at all times herein mentioned was acting within the course and scope of his aforesaid agency employment; that as such agent he was authorized to solicit business for and on behalf of the company and was required to accept monies for and on behalf of it for premium payments, and was further acting within the scope and course of his authority; that Hyde Phillips was, at the time of the issuance of the policy, a major in the Marine Corps and a pilot flying military aircraft; that the policy contained no provisions excluding such persons; that prior to the issuance of the policy the first premium in the sum of $24.99 was paid by Phillips, the insured; that at the time of collecting this first premium payment Coffman orally represented to Phillips that he would pay all premiums and do any necessary acts to keep the policy in full force and effect until such time as a government allotment had been established by Phillips for the purpose of making premium payments on said policy; that subsequent to the issuance of the policy Coffman agreed and promised to demand any premiums falling due thereon

from plaintiff and she agreed with Coffman to pay, upon demand, any premiums falling due to the defendant Coffman; that subsequent to its issuance defendant Coffman made all of the same representations and promises as are hereinabove set forth to Hyde Phillips and plaintiff; that they complied with each and every provision called for under the terms of the policy to be performed on their part; and performed each and every condition precedent; that all times mentioned the policy was in full force and effect; that Mr. Phillips was ordered to Korea for military service and on August 14, 1952, was killed in action; that his death was promptly reported to the company and to defendant Coffman, agent for said company; that the payment on the policy through the company was refused by it; that plaintiff and Hyde Phillips duly performed all covenants and conditions on their part to be performed under the terms of the policy; that due to the refusal of the company to pay plaintiff, the beneficiary, the sum called for under the terms of the policy, plaintiff has been damaged in the sum of $10,000.

The second count realleges generally these same contentions and states that Coffman orally represented to Hyde Phillips and plaintiff that he was collecting all premiums due on this policy and that he was paying the same to defendant company; that up to the 11th of August, 1952, and three days prior to the death of Mr. Phillips, Coffman orally represented to the plaintiff herein that he was making all premium payments due on the policy and that the policy was in full force and effect; that on the 11th of August, 1952, plaintiff tendered to defendant Coffman, at his request, the sum of $24.99, which was accepted by him in full payment of the premium next falling due on the policy; that defendant Coffman negligently and carelessly failed to make said premium payments to the company; that any refusal of the company to pay the claim is a direct and proximate result of the carelessness and negligence of Coffman who was acting within the scope of his authority as the agent, servant and employee of the defendant company; that it was further orally understood and agreed by Phillips and plaintiff and each of the defendants that premium payments called for by the policy of insurance were to be made by government allotment; that Coffman agreed to furnish the necessary information to Mr. Phillips required by the defendant company to make said allotments and he carelessly and negligently failed to do so, so that at no time was said allotment made; that at all times after the issuance of this policy Coffman orally represented to plaintiff

that he was completely taking care of Mr. Phillips' affairs; that defendant Coffman orally represented that he was keeping said policy of insurance up to date for and on behalf of Mr. Phillips until such time as he could secure the necessary allotment; that defendant Coffman negligently failed to perform his promise and as a direct result thereof plaintiff was damaged in the sum of $10,000.

As a third cause of action the first cause of action is realleged in part, followed by the claim that all the statements, representations and promises above set forth made by defendant Coffman were knowingly false when made by him, and were made by him without any intention of performing them; that plaintiff and Mr. Phillips relied upon said statements; that had not said parties relied thereon they would have taken other steps to secure insurance or to keep said policy of insurance in full force and effect; that as a result thereof plaintiff was damaged in the sum of $10,000.

As a fourth cause of action plaintiff realleges generally the paragraph set forth in count one of her amended complaint, followed by the claim that defendants are indebted to plaintiff in the amount of $10,000 for money due plaintiff on a written policy of life insurance.

The policy, attached to the complaint, insured the life of Hyde Phillips, naming plaintiff as beneficiary. It was dated June 1, 1952, and recites: "First Premium MONTHLY" at $26.30 during lifetime of insured, with the notation: "Govt. Allotment $24.99 Monthly." The principal sum was made payable to the beneficiary immediately upon receipt at the home office of due proof of death of the insured "while this policy is in effect." It recites that the policy was issued in consideration of the application, made a part thereof, and the payment in advance of the first premium and subsequent payment in advance of monthly premiums on the corresponding dates until premiums were paid in full.

· Incorporated therein is the statement: "This policy and the application *herefor* constitutes the entire contract between the parties hereto. All statements made in applying for this policy shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall avoid the policy unless it is contained in a written application, and a copy of the application is attached hereto when the policy is issued. Only the President and Vice-President or Secretary of the Company has the power, and then only in writing, to make any change in this policy, or to waive any of its provisions, or to extend the time for making any pay-

ment hereunder. . . . PREMIUMS. All premiums, except the first premium hereon, are payable in advance at the Home Office of the Company, or may be paid to an authorized agent or collector of the Company, but only in exchange for the Company's Official Receipt signed by the President, Vice-President, or Secretary of the Company and countersigned by the Company's duly authorized agent, collector, cashier, or assistant secretary.'' It then provides: ''Except as otherwise provided herein, this policy shall automatically lapse if any premium be not paid on or before the date when due, or within the grace period provided herein. GRACE PERIOD. A grace period of thirty-one days, without interest, will be allowed for the payment of all premiums after the first premium, during which period this policy shall continue in effect. If death occurs within the grace period any premium then due and unpaid shall be deducted from the amount otherwise payable hereunder.''

The theory upon which the trial court sustained the demurrer is not indicated. Defendant and respondent endeavors to justify the court's ruling in this, that nowhere in the complaint · or in any of the counts pleaded is there any allegation of the payment of any of the premiums by either plaintiff or the assured, except the first premium payment; that irrespective of the necessity of pleading the fact of payment so as to negative the express provisions of lapse of the policy in accordance with the policy provisions themselves, the facts of the case are that no premiums were in fact paid.

Defendant concedes that if plaintiff had pleaded either (1) sufficient facts to establish that defendant company, by its authorized officers, had waived the payment of premiums; or (2) pleaded facts showing that the defendant Coffman was an authorized officer of the company with power to waive the condition of payment, then a cause of action against defendant company might have been stated, but claims that plaintiff has done neither. It is then argued that Coffman's authority, as alleged by plaintiff, falls far short of that of a general agent, or special agent with powers of a general agent; that it is not alleged that Coffman had any general or special powers to waive any premium payments for or on behalf of the defendant company; that it also fails to qualify Coffman as an officer of the company; that the general allegation that ''at all times herein mentioned the said defendant William J. Coffman was acting within the course and scope of his aforesaid agency and employment for the defendant Reserve Life Insurance Company'' added nothing

to the allegations of his asserted authority; that the policy itself defines who are its authorized agents authorized to waive premiums; and that Coffman's authority is also expressly limited by the words: "neither the agent nor the medical examiner has authority in behalf of the Company to accept risks or to make, alter or amend any policy issued hereon or to extend the time for making any payment due on such policy," citing such authority as *Elliott* v. *Frankfort Marine, Acc. & Plate G. Ins. Co.*, 172 Cal. 261 [156 P. 481, L.R.A. 1916F 1026]; *Upton* v. *Travelers Ins. Co.*, 179 Cal. 727 [178 P. 851, 2 A.L.R. 1597]; *Hargett* v. *Gulf Ins. Co.*, 12 Cal.App.2d 449 [55 P.2d 1258]; *Browne* v. *Commercial Union Assur. Co.*, 30 Cal.App. 547 [158 P. 765]; *Belden* v. *Union Central Life Ins. Co.*, 167 Cal. 740, 744 [121 P. 370]; *Purefoy* v. *Pacific Auto. Indem. Exch.*, 5 Cal.2d 81 [53 P.2d 155]; *Johnson* v. *Mutual Benefit Health & Acc. Assn.*, 123 Cal.App. 41 [10 P.2d 772]; *Bashford* v. *A. Levy & J. Zentner Co.*, 123 Cal.App. 204 [11 P.2d 51]; *Washer* v. *Bank of America*, 21 Cal.2d 822 [136 P.2d 297, 155 A.L.R. 1338]; and *Alphonzo E. Bell Corp.* v. *Bell View Oil Syndicate*, 46 Cal. App.2d 684 [116 P.2d 786].

It is then contended in respect to the fourth cause of action that if plaintiff is not entitled to recover under a count in a complaint wherein all the facts upon which her demand is based are specifically pleaded, a common count is also subject to demurrer, citing *Fruns* v. *Albertsworth*, 71 Cal.App.2d 318 [162 P.2d 666]; and *Orloff* v. *Metropolitan Trust Co.*, 17 Cal.2d 484 [110 P.2d 396].

It is plaintiff's position that waiver or estoppel is not required to be pleaded by her in order to state a cause of action where it is alleged that she and her husband performed all conditions precedent on their part to be performed, and where plaintiff and the insured's allegation of such performance on their part is properly pleaded by general allegations; that whether or not plaintiff is required to plead a waiver in her complaint, the facts pleaded amounted to an estoppel, or constitute a waiver, and are sufficiently set forth therein, citing *Arnold* v. *American Ins. Co.*, 148 Cal. 660 [84 P. 182, 25 L.R.A.N.S. 6], which holds that it is not necessary for a plaintiff in his complaint to allege the facts constituting the waiver or estoppel of the insurance company; but where a breach of condition is set up in the answer, plaintiff may prove the waiver or estoppel by way of evidence in reply to such advances without any necessity of pleading it.

■ The allegation of the amended complaint in the instant case is that at all the times herein mentioned Coffman was the duly authorized agent of the company and in such capacity was authorized to solicit business for it and was "required" to accept monies for it for premium "payments," and was acting within the scope and course of his authority. Such an allegation has been held sufficient. (*General Mill & Lbr. Co.* v. *Robertson*, 126 Cal.App. 118 [14 P.2d 327].) The extent of such agent's authority, and whether, under the circumstances of this case he was authorized to do the acts complained of, are questions of fact. The facts must be determined at the time of trial based upon the evidence. ■ Section 457 of the Code of Civil Procedure provides that "In pleading the performance of conditions precedent in a contract, it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part, and if such allegation be controverted, the party pleading must establish, on the trial, the facts showing such performance." This section has been held to apply in actions brought on insurance policies. See *Blasingame* v. *Home Ins. Co.*, 75 Cal. 633 [17 P. 925], where it is said (quoting from the syllabus) :

"Under section 457 of the Code of Civil Procedure, it is sufficient, in pleading the performance of conditions precedent required by the policy to be performed by the insurer, to allege that all the conditions of the policy have been duly performed by him." It further holds that:

"An objection to a complaint that a specific allegation contained therein is contradicted by an exhibit to which reference is made cannot be taken advantage of by general demurrer."

In *Arnold* v. *American Ins. Co., supra,* the court said: "We do not consider at all material in this connection the presence of the printed stipulation to the effect that no officer, agent, or representative of the company shall have the power to waive or be deemed to have waived conditions of the policy unless such waiver shall be written or attached thereto. Such provisions existed in the policies in some of the cases cited, and were not considered effectual to prevent the conduct of the officers of the company from constituting a waiver or estoppel on the company. The doctrine is that the company has knowledge when its proper officer has the knowledge, and if with such knowledge it leads the insured to rely upon his policy as a valid policy, notwithstanding the breach of condition of which it knows, it will not be heard to allege such breach

against a claim for a subsequent loss, accruing at a time when, from the conduct of the Company, the insured had every right to believe that his property was protected by the policy."

See also *Richards* v. *Travelers Ins. Co.*, 89 Cal. 170 [26 P. 762, 23 Am.St.Rep. 455] ; and *Cowan* v. *Phoenix Ins. Co.*, 78 Cal. 181 [20 P. 408]. Whether it may ultimately be shown that Coffman did not have such authority is not the question before us. We are bound by the allegations of the amended complaint. Some support to plaintiff's claim of knowledge of the company that the payments were to be made from government allotments is contained in the policy itself. ██ Usually, the question of waiver is one of fact to be determined at the time of trial, and the courts of this state have ruled that there may be an allowance of a waiver of provisions of an insurance policy by some agent of the company even where the insurance policy expressly states that no change may be made in its terms unless endorsed on the policy itself and unless such changes are made by a designated officer of the company, particularly where there is evidence of ratification of the agent's acts by the company.

In *Farnum* v. *Phoenix Ins. Co.*, 83 Cal. 246 [23 P. 869, 17 Am.St.Rep. 233], it was held that an express provision in a policy of insurance that the company shall not be liable on a policy until the premium is actually paid is waived by the unconditional delivery of the policy to the assured as a completed and executed contract under an express or implied agreement that a credit shall be given for the premium, and the company is liable for a loss which may occur during the period of credit. (See also *Vierra* v. *New York Life Ins. Co.*, 119 Cal.App. 352 [6 P.2d 349] ; *Knarston* v. *Manhattan Life Ins. Co.*, 140 Cal. 57 [73 P. 740] ; *Mackintosh* v. *Agricultural Fire Ins. Co.*, 150 Cal. 440 [89 P. 102, 119 Am.St.Rep. 234] ; and *Mayfield* v. *Fidelity & Cas. Co.*, 16 Cal.App.2d 611 [61 P.2d 83].)

Judgment reversed and the trial court is directed to overrule the demurrer and allow defendant a reasonable time in which to answer.

Barnard, P. J., concurred.

A petition for a rehearing was denied November 24, 1954, and respondent's petition for a hearing by the Supreme Court was denied December 29, 1954. Edmonds, J., and Spence, J., were of the opinion that the petition should be granted.