[Civ. No. 2469.  First Appellate District.—August 19, 1918.]

# E. B. CAROTHERS, Respondent, v. C. L. CAINE, Appellant.

PRINCIPAL AND AGENT—SECRET PROFIT OF AGENT—ACTION BY PRINCIPAL TO RECOVER—EVIDENCE INSUFFICIENT TO SHOW AGENCY.—Where in an action against a real estate broker to recover a secret profit, alleged to have been made by him on an exchange of properties, the evidence shows that the defendant authorized as a broker to find a purchaser of real property for a third party, offered it to the plaintiff, who refused to purchase at the price asked, but requested the defendant to see if he could get it at a lower figure, the defendant's promise to do so did not constitute him the plaintiff's agent, nor impose upon him any legal duty to use any effort to induce his principal to reduce his price.

ID.—SUBSEQUENT EXCHANGE OF PROPERTIES—BROKER'S COMPENSATION NOT A SECRET PROFIT.—Where in such case the plaintiff subsequently offered, through the same broker, an exchange of real and personal properties for the real property of the third party and agreed to pay the broker a compensation if the plaintiff's offer to exchange should be accepted, the receipt by the broker of a sum of money from the third party in accordance with an agreement with the latter under which he was to be paid all the third party should get in the deal over a certain amount, did not constitute the making of a secret profit by such broker.

ID.—BROKER AS MERE MIDDLEMAN—COMPENSATION FROM BOTH PARTIES. If a broker exercises no discretion, but merely brings together parties to an exchange or sale, and his employment then terminates, and the parties themselves settle the terms of the transaction, he acts as a mere middleman, and is entitled to a commission if each has agreed to pay him, and it is immaterial in such case that either party is unaware of the employment by the other.

ID.—AGENT FOR BOTH PARTIES — LIMITATION OF RULE RESTRICTING RIGHT TO COMPENSATION.—The rule that an agent acting for both parties, and for each without knowledge of the other, can collect commissions from neither, applies only to agents *stricti juris,* and not to middlemen.

APPEAL from a judgment of the Superior Court of Fresno County.  Geo. E. Church, Judge.

The facts are stated in the opinion of the court.

H. E. Barbour and Everts & Ewing, for Appellant.

R. G. Retallick and C. K. Bonestell, for Respondent.

LENNON, P. J.—This is an action to recover the sum of $1883.30, alleged by plaintiff to be a secret profit made by defendant in a transaction in which the latter was acting as plaintiff's agent. Plaintiff recovered judgment for said amount and interest, and defendant appeals.

Apart from various specifications of error as to the admission of testimony, the main ground urged in support of the appeal is that there is no evidence in the record that the defendant was acting as the plaintiff's agent in negotiating the terms of the contract, or was anything but a middleman between the parties; that the evidence shows that the plaintiff fixed his own terms and employed defendant merely to procure their acceptance, and that the defendant being also the agent of the other party to the exchange of properties out of which the claim arises, and known by plaintiff to be such, was entitled to be compensated by such other party; that consequently the sum received by defendant as such compensation was not a secret profit, and that the trial court erred in holding that it was.

We think the contention of appellant must be sustained.

The evidence shows that Caine, the defendant, being a real estate agent, had been authorized by one Breckinridge to find a purchaser for eighty acres of vineyard in Fresno County owned by him, and in pursuance of the authorization offered the property to Carothers, the plaintiff, for a price of sixteen thousand dollars. Carothers declined to pay this price, but said that if he could get it for fifteen thousand dollars he would make an offer for it, and requested the defendant to see if he could get a better price on it, which the defendant promised he would do, later reporting to the plaintiff that the owner would not abate his demand. The negotiations continued, and finally an agreement was entered into between the plaintiff and Breckinridge by which, instead of paying cash for the eighty acres, the plaintiff agreed to transfer to Breckinridge certain real and personal property owned by him, and the transaction went through in that way. The agreement of exchange was drawn by the defendant, and was in the form of an offer on the part of the plaintiff of the prop-

erty that he was willing to transfer for the eighty acres, together with an authorization to the defendant to act as plaintiff's agent in negotiating the exchange, and an agreement to pay him a commission of $125 in case he procured an acceptance by Breckinridge of plaintiff's offer. This acceptance was procured by the defendant in writing upon the same day. Before the drawing up and execution of the offer mentioned, and at a time when it appeared to the defendant that he could bring the parties to an understanding, he procured from Breckinridge a contract to receive out of the money or property which Breckinridge should get in the deal all over a certain amount. The difference turned out to be the sum of $1,883.30, which was paid by Breckinridge to the defendant, and is the amount for which the plaintiff sues upon the theory, as we have said, that the defendant was plaintiff's agent in conducting the transaction, and was forbidden by law to make a secret profit therefrom.

We think it clear from the facts as above outlined that the principle of law followed by the court in arriving at its judgment has no application to the case. The only employment of defendant by plaintiff was incorporated in the latter's written offer, up to which time the defendant was acting solely for Breckinridge. His promise to the plaintiff while so acting to get the best price he could from Breckinridge did not constitute him the plaintiff's agent, nor was it intended to and did not impose upon him any legal duty to use any effort to induce his principal to reduce his price. On the contrary, at that time the defendant's duty was to procure from plaintiff the price at which his principal had authorized him to offer it. That the plaintiff should subsequently have employed the defendant to procure the acceptance of a definite offer on his part could not affect the character of acts already performed. Defendant's agreement with Breckinridge that he should receive all over a certain sum out of the purchase price was made prior to his employment by the plaintiff, and when plaintiff did finally employ him it was not for the purpose of buying the eighty acres at the best possible price—imposing upon the defendant the obligation to use his best skill and efforts to that end—but was solely to procure the acceptance of a definite offer. In addition to this, and above all, the fact that the plaintiff was aware that Caine was acting as the agent of

Breckinridge completely deprives the compensation received by him from Breckinridge of the character of a secret profit. The plaintiff could not have supposed that Caine was acting gratuitously; and the amount of his compensation, and whether it took the form of a commission of five or fifty per cent on the purchase price, or whether it was to consist of the excess of such price over a given sum, or both, was no concern of the plaintiff. He, therefore, was not entitled to receive from the defendant the advantage of the difference in amount between what he paid for the land and what Breckinridge, the other party to the exchange, received.

"If a broker exercises no discretion, but merely brings together the parties to an exchange or the purchase and sale of property, and his employment then terminates, and the parties themselves settle the terms of the transaction, he acts as a mere middleman, and he may accordingly recover a commission from each party if each has agreed to pay him; and it is immaterial in such case that either party was unaware that he was employed by the other." (9 Corpus Juris, p. 576, sec. 76.)

"It is only when the arrangement of a broker is that of an agent with discretionary authority from his principal in the matter of such employment that he cannot accept employment from another whose interests conflict with those of his principal. In such cases the brokers act as mere middlemen without discretion in making any of the terms of the sale or exchange, or to conclude either of them in any other respect, and such terms are fixed and arranged without reliance upon the brokers by the parties themselves." (*Pollatschek* v. *Goodwin*, 17 Misc. Rep. 587, [40 N. Y. Supp. 682].)

"The rule that an agent acting for both parties and for each without the knowledge of the other can collect commission from neither, applies only to agents *stricti juris*, and not to middlemen." (*Manders* v. *Craft*, 3 Colo. App. 236, 237, [32 Pac. 836].)

For the reasons given the judgment is reversed.

Beasly, J., *pro tem.*, and Sturtevant, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 18, 1918.