[Civ. No. 6443.   Second Appellate District, Division Two.—November 19, 1930.]

OBE KENNEDY, Respondent, v. A. B. JOHNSON et al., Appellants.

I. Henry Harris for Appellants.

Muhleman, Anderson & Palmer for Respondent.

SCHMIDT, J., *pro tem.*—By the second amended complaint filed in the lower court, respondent sought to recover from appellants the reasonable value of services rendered by him in the capacity of a real estate broker, to appellants as real estate brokers in connection with an exchange of certain properties owned by appellants' principal, one A. M. Mull on the one hand, and L. H. Wilson, Inc., on the other. The first cause of action is based on a written agreement to pay a reasonable compensation for the services alleged to have been rendered, and the second and third

causes of action are based upon an oral agreement to pay such compensation. Appellants denied the performance of any services by respondent, the making of any agreement, the receipt of any commission by them and the reasonable value of the services performed by respondent, and by way of separate defenses appellants allege that there was no consideration for the agreement alleged; that the contract sued upon fell within the provisions of section 1624 of the Civil Code, and was therefore void and that respondent acted as the agent of L. H. Wilson from whom he accepted a commission without disclosing that fact to appellants and for that reason was not entitled to any further compensation.

The court found that there was an agreement between appellants and their principal, Mull, whereby Mull listed his property for sale or exchange with appellants, giving them the exclusive right to sell or trade it, and that same was subsequently traded to one Wilson and that respondent in his capacity as a duly licensed real estate broker rendered services to the appellants in assisting appellants in disposing of the property belonging to Mull and that said services were rendered at the special instance and request of said appellants; that in consideration for said services so rendered by respondent appellants promised to pay plaintiff a reasonable compensation; that such compensation was to be paid out of such commission as appellants received from the said Mull in effecting a sale or exchange of the Mull property; that respondent and appellants by their joint efforts succeeded in making and causing to be consummated an exchange of the property belonging to Mull and that belonging to Wilson; that as their commission for negotiating and assisting in the bringing about of said exchange appellants received from Mull certain real property of the reasonable value of $13,250; that the reasonable value of the services so rendered by respondent to appellants in assisting in disposing of the property of the appellants' principal, Mull, is the sum of $1,000; that the agreement to pay respondent a reasonable compensation is not barred by section 1624 of the Civil Code, and rendered judgment in favor of respondent against appellants for the said sum of $1,000. From that judgment appellants have appealed.

The evidence in the case further showed that respondent had received through his salesman, Mr. Chestnut, from one

Rogers, who was the agent of Wilson, a commission in the sum of $500 for his services rendered in effecting the exchange between Mull and Wilson, which fact was not revealed to appellants until some time after the escrow instructions in connection with the exchange had been signed, and prior to its completion.

Appellants attack the findings of the trial court that any services were rendered by respondent to appellants, or that there was any promise to pay respondent a reasonable compensation for his said services. The evidence in the case shows that there was a conflict in the testimony on each of these two points. The trial court having found in favor of respondent on each of these matters, this court will not disturb such findings. (*Johnston* v. *Porter,* 21 Cal. App. 97 [131 Pac. 69].)

Attack is also made on the following finding: "It is not true that plaintiff was employed by the said L. H. Wilson in effecting a sale or exchange of properties with said A. M. Mull." Appellants base their attack on this finding on the ground that respondent, through his salesman, Mr. Chestnut, received $500 from Rogers, the agent of Wilson. The evidence shows that respondent was not acquainted with Mr. Wilson nor was he employed by Mr. Wilson, but that he did assist in consummating the exchange between Mull and Wilson for which services Rogers paid the $500 commission. Under these facts the attack on the finding is without merit.

The court further found that respondent merely aided in bringing Mull and Wilson together, as a result of which the exchange was effected through negotiations between Mull and the agent of Wilson and that respondent in no way represented conflicting interests. The evidence fully supports this finding. In *King* v. *Reed,* 24 Cal. App. 229 [141 Pac. 41], it was held that a broker who merely brings the buyer and seller together so that they are thereby able to make their own contract is a "middleman"; that he does not occupy a fiduciary relation; that he does not represent conflicting interests and therefore that he is not precluded from receiving compensation from both parties to the sale. And in *Carothers* v. *Caine,* 38 Cal. App. 71 [175 Pac. 478, 479], it was held to the same effect and that it is immaterial in such case that either party is unaware

of the employment by the other; that the rule "that an agent acting for both parties and for each without the knowledge of the other can collect commissions from neither, applies only to agents *stricti juris,* and not to middlemen".

Attack is made upon the finding of the court that the value of the commission received by appellants was $13,250 is unsupported by the evidence, and appellants also attack the finding of the court that the reasonable value of the services rendered by respondent to appellants in the transaction is the sum of $1,000 as not being supported by the evidence. As to each of these findings there was a conflict of testimony which precludes this court from disturbing either finding.

Further contention is made that the purported agreement not being in writing was unenforceable and in violation of section 1624 of the Civil Code, commonly called the statute of frauds. This contention is untenable. It has been repeatedly held that an agreement between brokers to split commissions need not be in writing. In *Johnston* v. *Porter, supra,* at page 102 of 21 Cal. App., we find: "Subdivision 6 of section 1624 of the Civil Code, which declares an agreement authorizing or employing an agent or broker to sell real estate for a compensation or commission to be invalid unless reduced to writing was designed only for the protection of real estate owners against the contracts between brokers cooperating in the sale of real property and agreeing to share commissions earned as a result of such sale." (Citing *Gorham* v. *Heiman,* 90 Cal. 346 [27 Pac. 289]; *Casey* v. *Richards,* 10 Cal. App. 57 [101 Pac. 36], and *Baker* v. *Thompson,* 14 Cal. App. 175 [111 Pac. 373].)

Complaint is made that over the objection of appellants, testimony was received that it was the custom between brokers to split commissions, when custom had not been plead. However, no finding was made on the custom. On the contrary, the finding was on a specific promise to pay. The error, if any, was entirely harmless.

Judgment affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.