Filed 3/24/25  P. v. Greene CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B336519 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA084823) |
| v. | |
| JESSE GREENE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Alan K. Schneider, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jesse Greene appeals the denial of his petition for resentencing under Penal Code[1] section 1172.6 at the prima facie stage. We affirm the summary denial because the preliminary hearing transcript unequivocally shows appellant was the sole perpetrator of the attempted murder, and he did not provide facts beyond conclusory allegations to show his entitlement to relief.

## BACKGROUND

In 2019, appellant pleaded no contest to attempted murder. He further admitted that he had a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(e)), that he inflicted great bodily injury (§ 12022.7, subd. (a)), and that he personally used a deadly weapon (§ 12022, subd. (b)(1)). Appellant was sentenced to 17 years in state prison.

## I. Preliminary Hearing

At the preliminary hearing on April 3, 2017, the victim testified that he drove to a parking lot to meet a woman he had been seeing (appellant's codefendant) to retrieve the Mercedes he had lent her and to return her car that he had gotten repaired. When the victim got out of the car, appellant—who he had never met—jumped on him and stabbed him repeatedly in the face, head, and neck. He lost several teeth, required 120 staples in his head, and lost feeling in his lip and hand. A witness testified that he saw the stabbing through his apartment window, and that he saw a woman looking on as the attack occurred. The witness yelled at the perpetrator to leave the victim alone, at which point both the attacker and the woman fled the scene.

---

[1] Undesignated statutory references are to the Penal Code.

2

## II. The Charges and Plea Agreement

A three-count information charged appellant with attempted murder (§§ 664, 187, subd. (a)), carjacking (§ 215, subd. (a)), and assault with a deadly weapon (§ 245, subd. (a)(1)). As to the attempted murder count, it was further alleged that he personally used a deadly weapon (§ 12022, subd. (b)(1)). As to all counts, it was alleged he inflicted great bodily injury on the victim (§ 12022.7, subd. (a)) and had been convicted of a prior strike (§§ 667, subd. (d), 1170.12, subd. (b)).

After the preliminary hearing, appellant entered his plea of no contest to one count of attempted murder and admitted the additional allegations.

## III. Petition for Resentencing

On November 7, 2022, appellant filed a form petition for resentencing under section 1172.6. He checked the boxes stating he was convicted of murder, attempted murder, or manslaughter following a trial or acceptance of a plea offer in lieu of a trial at which he could have been convicted of murder or attempted murder, and that he could not presently be convicted of murder or attempted murder because of changes to sections 188 and 189, effective January 1, 2019.

The People opposed the petition, arguing that appellant had failed to make a prima facie showing because the preliminary hearing transcript showed he was prosecuted and convicted as the only person who stabbed the victim. Appellant did not offer any facts to refute the version of events depicted at the preliminary hearing.

At the prima facie hearing on January 19, 2024, the parties submitted on their briefs, and the trial court denied the petition

3

because appellant was prosecuted as a direct perpetrator, not under any now defunct theory.

## DISCUSSION

Enacted in 2018, Senate Bill No. 1437 (2017–2018 Reg. Sess.) effectively abolished the natural and probable consequences doctrine in cases of murder and limited the application of the felony-murder doctrine. (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) The legislation also served to eliminate murder convictions premised on any theory of imputed malice—that is, any theory by which a person can be convicted of murder for a killing committed by someone else, such as felony murder or the natural and probable consequences doctrine—unless the People also prove that the nonkiller defendant personally acted with the intent to kill or was a major participant who acted with reckless disregard to human life. (§§ 188, subd. (a)(3), 189, subd. (e).) Specifically, the Legislature amended section 188 to require that when the felony-murder rule does not apply, a principal in the crime of murder "shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) Effective January 1, 2022, Senate Bill No. 775 amended section 1172.6 to expand its coverage to individuals convicted of "attempted murder under the natural and probable consequences doctrine." (1172.6, subd. (a); *People v. Saibu* (2022) 81 Cal.App.5th 709, 747.)

Section 1172.6 is the procedural vehicle by which defendants may seek to vacate convictions that rested on a theory of murder rendered invalid by the amendments to sections 188 and 189. (§ 1172.6, subd. (a); *Lewis, supra*, 11 Cal.5th at p. 957.)

4

Upon the filing of a facially sufficient petition, the trial court must entertain briefing and determine whether the petitioner has made a prima facie case for relief.  (§ 1172.6, subd. (c); *People v. Wilson* (2023) 14 Cal.5th 839, 869; *People v. Hill* (2024) 100 Cal.App.5th 1055, 1065.)  In conducting this review, our Supreme Court has held that the trial court should look to the record of conviction, and "[i]f the petition and the record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition."  (*People v. Strong* (2022)13 Cal.5th 698, 700, citing *Lewis*, at pp. 970–972.)  The trial court may not, however, reject the petitioner's allegations " ' "on credibility grounds" ' or engage in ' "factfinding involving the weighing of evidence or the exercise of discretion." ' " (*People v. Love* (2025) 107 Cal.App.5th 1280, 1287.)

Until recently, the Courts of Appeal were split on the role of the preliminary hearing transcript in determining whether a petitioner has made a prima facie case under section 1172.6. (Compare *People v. Mares* (2024) 99 Cal.App.5th 1158, 1167; *People v. Pickett* (2023) 93 Cal.App.5th 982, 990–993; *People v. Patton* (2023) 89 Cal.App.5th 649, 657–658, with *People v. Davenport* (2021) 71 Cal.App.5th 476, 481; *People v. Flores* (2022) 76 Cal.App.5th 974, 989–991.)  Our Supreme Court resolved that split in *People v. Patton* (Mar. 3, 2025, S279670) ___Cal.5th___ [2025 Cal. LEXIS 1165] (*Patton*), holding that a petitioner's "conclusory allegations of entitlement to resentencing relief under section 1172.6" are insufficient to make a prima facie showing where the otherwise uncontroverted facts related at the preliminary hearing show that the petitioner was convicted under a still-valid theory of liability.  (*Patton,* at [pp. 3, 25].)  "Where facts from the record of conviction are undisputed,

accepting them over contrary legal allegations that are merely conclusory is not 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at [p. 20].) "Indeed, denial of a resentencing petition because its conclusory allegations do not counter the facts in a record of conviction that foreclose[] relief is a determination that the petition's allegations are legally deficient." (*Ibid*.) *Patton*'s reasoning tracks the principle, applicable in other contexts, that "specific allegations in a complaint control over an inconsistent general allegation." (*Perez v. Golden Empire Transit Dist*. (2012) 209 Cal.App.4th 1228, 1235–1236; accord, *Skopp v. Weaver* (1976) 16 Cal.3d 432, 437.) Under this principle, specific allegations may render a complaint defective when the general allegations might have been sufficient standing alone. (*Perez,* at p. 1236.)

Here, although appellant checked the boxes next to the conclusory allegations stating his eligibility for relief, the preliminary hearing transcript shows that he was convicted of attempted murder as the sole person who stabbed the victim. Despite "multiple opportunities to proffer specific facts" that would refute this version of events and support his entitlement to relief, including in his brief responding to the People's opposition and at the prima facie hearing, appellant failed to do so and has instead relied solely on his conclusory allegations stated on the preprinted form petition. (*Patton, supra*, ___ Cal.5th ___ at [p. 22].) On this record, the trial court's conclusion that appellant failed to make a prima facie case was correct.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

CHAVEZ, J.

7