Filed 9/11/25  Harvey v. Maionchi CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JAMES TED HARVEY,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>DOMINIC MAIONCHI,<br><br>　　　Defendant and Respondent. | A172235<br><br>(San Francisco County<br>Super. Ct. No. CGC23610011) |

After his residential tenancy was terminated by means of an owner move-in eviction, James Ted Harvey sued five defendants, including Dominic Maionchi (Maionchi), alleging causes of action that included violations of the San Francisco Rent Stabilization and Arbitration Ordinance (Rent Ordinance).[1]  After the trial court sustained Maionchi's demurrer to Harvey's complaint without leave to amend, judgment was entered for Maionchi.  Harvey appeals, arguing that the trial court erred in sustaining the demurrer and if we conclude otherwise he should be given leave to amend his complaint.  We conclude that the demurrer was sustained in error and therefore we reverse.

---

[1] Undesignated section references are to the Rent Ordinance.

1

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Harvey's Complaint*

In the operative First Amended Complaint (FAC) Harvey alleged that after he had lived for about 10 years in a rent-controlled apartment in a residential building in San Francisco, he was notified that there was a new owner of the property, and subsequently his tenancy was terminated by means of a purported owner move-in eviction.[2] The FAC named five defendants: Andrew Rebennack, Kathy Maionchi, Daniel Maionchi, and Clark Maionchi, as well as Dominic Maionchi, the respondent here.[3] Harvey alleged on information and belief that each defendant was the agent of each other defendant; the actions done by each defendant were done in the course and scope of the agency and with the knowledge and consent "of their respective principals"; and each defendant "authorized, ratified, acknowledged, consented, acquiesced, and/or approved of all acts, conduct and/or omissions by each and every other defendant after being aware of their actions."

Harvey alleged that the defendants represented that Rebennack, Kathy, Daniel, and Clark each owned a 25 percent share of the property. Harvey also alleged that Rebennack represented the following: that there

---

[2] The Rent Ordinance authorizes a landlord to "recover possession [of a rental unit] in good faith, without ulterior reasons and with honest intent" for the landlord's use or occupancy as his or her principal residence for at least 36 continuous months. (§ 37.9, subd. (a)(8)(i).)

[3] We refer to Dominic Maionchi as "Maionchi." We refer to the other defendants with the surname "Maionchi" by their first names for clarity. We refer to Maionchi, Rebennack, Kathy, Daniel, and Clark collectively as "defendants."

were no other apartments available to be offered to Harvey,[4] that Rebennack's dominant motive for the eviction was to make Harvey's apartment his principal place of residence, and that he was acting in good faith, without ulterior motive and with honest intent.  Harvey vacated his apartment in reliance on defendants' representations.

Harvey alleged five causes of action, each alleged against all five defendants:

The first cause of action sought declaratory relief to determine, among other things, whether there were non-disclosed owners of the property, including Maionchi; whether Rebennack was a "sham owner"; whether Kathy, Daniel, Clark, and Maionchi "aided and abetted the termination of [his] tenancy"; and whether there was a conspiracy among the defendants.

The second cause of action alleged negligence arising from the defendants' breaching their duty as landlords to exercise reasonable care in owning and operating the building.

The third cause of action, for breach of the warranty of quiet enjoyment, alleged that as a result of the defendants' actions, including the refusal to fix substandard conditions and the wrongful termination of Harvey's tenancy, Harvey lost the use of his rent-controlled apartment, suffered emotional distress and damages, and incurred moving costs and other damages.

The fourth cause of action alleged that defendants violated section 37.10B, subdivision (a), which lists various acts that constitute tenant

---

[4] The Rent Ordinance provision governing owner move-in evictions requires an owner to offer the tenant an alternative unit if one is available. (§ 37.9, subd. (a)(8)(iv).)

3

harassment if done in bad faith by a landlord or a landlord's agent, contractor, subcontractor, or employee.

The fifth cause of action alleged that defendants violated section 37.9, subdivision (a)(8), which sets forth the conditions for owner move-in evictions.

B. *Trial Court Proceedings*

Maionchi demurred to the FAC on the grounds that each of the purported causes of action failed to state sufficient facts as to him. Harvey dismissed his first cause of action, for declaratory relief against all defendants, before filing his opposition to the demurrer.

After the trial court sustained the demurrer without leave to amend, Harvey filed a motion for reconsideration of the order sustaining Maionchi's demurrer. The trial court denied the motion; judgment was entered in favor of Maionchi; and this appeal timely followed. On appeal, Harvey does not challenge the denial of his motion for reconsideration.

## DISCUSSION

A. *Standard of Review*

Well-established law governs our review in an appeal from a judgment of dismissal after a demurrer has been sustained without leave to amend. As a first step, "we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory." (*McCall v. PacifiCare of California, Inc.* (2001) 25 Cal.4th 412, 415.) We "accept the truth of material facts properly pleaded in the operative complaint," and "[w]e may also consider matters subject to judicial notice." (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924.) We do not accept the truth of "contentions, deductions, or conclusions of fact or law" (*ibid.*), nor do we accept as true " 'unsupported speculation' " (*Doe v. Roman Catholic Archbishop of Los Angeles* (2016) 247 Cal.App.4th 953, 960 (*Doe*)).

4

Although our review is de novo, " ' "[t]he plaintiff has the burden of showing that the facts pleaded are sufficient to establish every element of the cause of action." ' " (*Kahan v. City of Richmond* (2019) 35 Cal.App.5th 721, 730.)

If we conclude that the complaint does not state a cause of action, "we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) It is the plaintiff's burden to "show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.) This showing may be made for the first time on appeal. (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44.)

B.    *The First Amended Complaint*

Harvey's cause of action for declaratory relief was dismissed and is not at issue in this appeal. Harvey argues that the other four causes of action alleged in the FAC state claims against Maionchi based on allegations of conspiracy among the defendants to wrongfully terminate his tenancy, allegations of aiding and abetting liability, and "the facts alleged as to" Maionchi.

1.    *Allegations of Conspiracy*

The doctrine of civil conspiracy imposes liability on those who do not themselves commit a tort but who " 'share with the immediate tortfeasors a common plan or design in its perpetration.' " (*Kidron v. Movie Acquisition Corp.* (1995) 40 Cal.App.4th 1571, 1581.) To plead a claim for civil conspiracy, a plaintiff must allege facts showing the formation and operation

5

of the conspiracy; wrongful conduct in furtherance of the conspiracy; and damages arising from the wrongful conduct. (*Ibid*.) "[A] complaint must contain more than a bare allegation the defendants conspired." (*AREI II Cases* (2013) 216 Cal.App.4th 1004, 1022.) Yet "because of the very nature of a conspiracy, 'its existence must often be inferentially and circumstantially derived from the character of the acts done, the relations of the parties and other facts and circumstances suggestive of concerted action.' " (*Ibid*.) Therefore, "a complaint is sufficient if it apprises the defendant of the 'character and type of facts and circumstances upon which she was relying to establish the conspiracy.' " (*Ibid*.)

The FAC includes the bare allegation that the defendants formed a conspiracy to terminate his tenancy. The only factual allegations in the FAC that identify Maionchi by name state that he is an attorney who is "actively involved in real estate."[5] Those facts do not suffice to allege any relation or concerted action between him and the other defendants. The mere fact that Maionchi shares a surname with other defendants is not an allegation of any relationship.

The allegations in the FAC that each defendant was the agent or employee of the other and that all the acts taken by each defendant were done in the course and scope of an agency or employment relationship do not save Harvey's conspiracy claim. That is because of the " 'agent's immunity rule,' " which is the principle that "duly acting agents and employees cannot be held liable for conspiring with their own principals." (*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 512.)

---

[5] Apart from those alleged facts, the statements in the FAC that identify Maionchi by name amount to " 'unsupported speculation,' " which we disregard. (*Doe, supra*, 247 Cal.App.4th at p. 960.)

6

We conclude that Harvey has not adequately alleged in the FAC that Maionchi is liable to him under a civil conspiracy theory.

## 2. *Aiding and Abetting Liability*

A defendant may be liable for aiding and abetting the commission of an intentional tort if the defendant " ' "(a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." ' " (*Casey v. U.S. Bank National Assn.* (2005) 127 Cal.App.4th 1138, 1144.)

The FAC alleges that each of the defendants "aided and abetted . . . the other defendants to conceal facts from [Harvey] in order to have [him] vacate" his apartment. This is nothing more than a legal conclusion, which we disregard. In arguing that he alleged that Maionchi was liable under a theory of aiding and abetting, Harvey contends that Maionchi "had actual knowledge of the other [defendants'] breach of . . . duty by improperly terminating [his] tenancy," but does not provide a record citation to show that he made such an allegation in the FAC. But even if he had so alleged, an allegation of knowledge would not suffice to allege aiding and abetting liability. Harvey does not identify any portion of the FAC in which he alleges that Maionchi gave assistance or encouragement to any other defendant (or that any other defendant gave assistance or encouragement to Maionchi), and therefore he has not met his burden to show that he has stated any cause of action against Maionchi based on aiding and abetting liability.[6]

---

[6] In his allegations of agency, Harvey states that each defendant "authorized, ratified, acknowledged, consented, acquiesced, and/or approved" of the acts of the other defendants "after being aware of their actions."

7

We turn now to the individual causes of action alleged in the FAC.

3.    *Negligence*

To plead a claim for negligence, Harvey must allege that Maionchi owed him a duty of care and breached the duty, and that the breach proximately caused Harvey's damages or injuries.  (*Century Surety Co. v. Crosby Insurance, Inc.* (2004) 124 Cal.App.4th 116, 127.)  In the FAC, Harvey alleged that Maionchi, as one of the defendants, owed him a duty "[b]y reason of the landlord-tenant relationship between" them, which arose from defendants' "ownership and management of the property."

The Rent Ordinance defines "landlord" as "[a]n owner, lessor, sublessor, who receives or is entitled to receive rent for the use and occupancy of any residential rental unit or portion thereof in . . . San Francisco, and the agent, representative or successor of any of the foregoing."  (§ 37.2, subd. (h).)  Instead of alleging that Maionchi was an owner or was entitled to receive rent for the use of the unit, Harvey speculated in the FAC that Maionchi was "involved in the ownership" of the property and alleged that "it is believed [Maionchi] has an interest in the property," while acknowledging that Maionchi was not "included in the property ownership" or named on "publicly available ownership documents for the property."  But even though he did not allege that Maionchi was an owner or entitled to receive rent, Harvey did allege that Maionchi was an agent of the other defendants, who represented they were the owners of the building and therefore were his landlords.  Because "landlord" is defined by section 37.2, subdivision (h), to include an agent of an owner, Harvey alleged that Maionchi was his landlord for

---

Harvey does not purport to cite any allegations of assistance or encouragement, and we see none.

8

purposes of his cause of action for negligence, at least insofar as the negligence claim concerns Maionchi's duties under local law.

In the trial court, Maionchi supported his demurrer with a request for judicial notice of the recorded deed to the property, which shows Rebennack, Kathy, Daniel, and Clark as owners of the property. The trial court did not rule on the request. On appeal Maionchi argues that by coming forward with the deed he "conclusively established" that he did not own the property; therefore, he argues, he was not Harvey's landlord and the FAC fails to state a claim of negligence against him. This argument fails to acknowledge that even if the trial court had taken judicial notice of the deed, the deed would establish only a presumption that Maionchi did not own the property, which Harvey could potentially rebut. (See Evid. Code, § 662 ["The owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof"].)

In addition, Maionchi's argument fails to acknowledge that the Rent Ordinance definition of "landlord" includes an agent of an owner. (§ 37.2, subd. (h).) At the end of his appellate brief, Maionchi argues that the FAC fails to allege that he is liable on the basis of agency because Harvey alleged only the contention that he was an agent of the other defendants without alleging any facts to support the contention. This argument disregards the principle that "[a]n allegation of agency is an allegation of ultimate fact that must be accepted as true for purposes of ruling on a demurrer." (*City of Industry v. City of Fillmore* (2011) 198 Cal.App.4th 191, 212, citing *Skopp v. Weaver* (1976) 16 Cal.3d 432, 437; see also *Dones v. Life Ins. Co. of North America* (2020) 55 Cal.App.5th 665, 685 [rejecting argument that plaintiff must "plead facts establishing the existence of an agency relationship"].)

9

In addition to alleging the existence of a duty, the FAC alleges that defendants, including Maionchi, breached the duties imposed on them by local law in several respects, including by failing to adequately maintain the property, and that the breaches caused Harvey's damages; therefore, the FAC has alleged a cause of action for negligence.[7]

4.    *Breach of the Warranty of Quiet Enjoyment*

Every lease includes a covenant of quiet enjoyment which is breached upon the actual or constructive eviction of the tenant. (*Erlach v. Sierra Asset Servicing, LLC* (2014) 226 Cal.App.4th 1281, 1299.) The covenant " 'insulates the tenant against any act or omission on the part of the landlord, or anyone claiming under him, which interferes with a tenant's right to use and enjoy the premises for the purposes contemplated by the tenancy.' " (*Nativi v. Deutsche Bank National Trust Co.* (2014) 223 Cal.App.4th 261, 291-292.)

As we have discussed, the FAC alleges that Maionchi was an agent of the other defendants, who represented they were the owners of the building

---

[7] In alleging his cause of action for negligence, Harvey asserts that in addition to owing him a duty arising from the landlord-tenant relationship, the defendants owed him a fiduciary duty. Maionchi argues that Harvey alleges only the legal conclusion that a fiduciary duty exists without alleging any facts to support the existence of such a duty. (See *Frances T. v. Village Green Owners Assn.* (1986) 42 Cal.3d 490, 513 [as a general matter, no fiduciary relationship between landlord and tenant]; *Berryman v. Merit Property Management, Inc.* (2007) 152 Cal.App.4th 1544, 1558 [allegation of fiduciary duty is legal conclusion that must be supported by allegations of facts showing fiduciary relationship].) Still, the fact that Harvey alleged the existence of duty arising from the landlord-tenant relationship means that his cause of action survives Maionchi's demurrer. (*PH II, Inc. v. Superior Court* (1995) 33 Cal.App.4th 1680, 1682-1683 [if complaint states sufficient facts to allege a cause of action, defective allegations pertaining to that cause of action may be challenged by motion to strike, but are not subject to general demurrer].)

10

and therefore were his landlords. And because "landlord" is defined by section 37.2, subdivision (h), to include an agent of an owner, Harvey alleged that Maionchi was his landlord. The FAC further alleges that the defendants improperly terminated his tenancy and refused to fix substandard conditions in the apartment, as a result of which Harvey lost use of the apartment and suffered damages. Thus Harvey has alleged facts stating a cause of action against Maionchi for breach of the warranty of quiet enjoyment.

5. *Violation of Rent Ordinance Section 37.10B*

To prove a violation of Rent Ordinance section 37.10B, subdivision (a), a plaintiff must show that the landlord or the landlord's agent acted in bad faith or with ulterior motive or without honest intent in engaging in certain conduct, including: failing to provide housing services required by contract or law; failing to perform repairs and maintenance required by contract or law; influencing or attempting to influence a tenant to vacate a rental unit through fraud, intimidation or coercion, and interfering with a tenant's right to quiet use and enjoyment of the rental unit. (§ 37.10B, subd. (a)(1), (2), (5), (10).)

Because the FAC alleges that Maionchi was an agent of the other defendants, who represented that they owned the building and therefore were his landlords, and that all the defendants acted in bad faith to disturb his quiet enjoyment of his rental unit, failed to address substandard conditions in the unit, and wrongfully terminated his tenancy in violation of the applicable ordinances, all of which caused Harvey to incur damages and suffer inconvenience and emotional distress, the FAC alleges a cause of action against Maionchi for violation of section 37.10B.

6. *Violation of Rent Ordinance Section 37.9*

11

To prove a violation of Rent Ordinance section 37.9, subdivision (a)(8), which governs owner move-in evictions, a plaintiff must prove that a landlord failed to meet the various conditions set forth in the statute. For the purposes of section 37.9, subdivision (a)(8), a "landlord" is defined as "an owner of record of at least 25 percent interest in the property." (§ 37.9, subd. (a)(8)(iii).)

As relevant here, an owner move-in eviction is not allowed if a comparable unit is vacant and available or becomes vacant and available before the landlord retakes possession. (§ 37.9, subd. (a)(8)(iv).) Further, if a noncomparable unit becomes available before the landlord retakes possession, that unit must be offered to the tenant. (*Ibid.*) In addition, an owner move-in eviction requires the landlord to "seek[ ] to recover possession in good faith, without ulterior reasons and with honest intent" (§ 37.9, subd. (a)(8)) and the Rent Ordinance provides that it is evidence of a lack of good faith if a landlord times an eviction notice to avoid moving into a comparable unit or to avoid offering a tenant a replacement unit. (§ 37.9, subd. (a)(8)(iv).)

In the FAC, Harvey does not allege that Maionchi is his landlord for purposes of section 37.9, subdivision (a)(8): he does not allege that Maionchi is an owner of the building, much less an owner of record of at least 25 percent interest in the property, and the definition of "landlord" for the purposes of an owner move-in eviction does not include a landlord's agent. However, in alleging that the defendants acted as each other's agents, Harvey has alleged that the other defendants (Rebennack, Kathy, Daniel and Clark, who are alleged to be the "landlords" for purposes of section 37.9, subdivision (a)(8)) were acting as Maionchi's agents in conducting the owner move-in eviction.

12

Harvey further alleges on information and belief that the defendants had available comparable apartments (which, if true, would have prevented an owner move-in eviction under section 37.9, subdivision (a)(8)(iv)) and non-comparable apartments that they did not offer to him, even though they were required to do so. These allegations suffice to state a cause of action for violation of section 37.9, subdivision (a)(8).

Because we conclude that Harvey's complaint states causes of action against Maionchi for negligence, breach of the warranty of quiet enjoyment, and violations of sections 37.10B and 37.9, we conclude that the trial court erred in sustaining the demurrer, and we do not reach Harvey's arguments concerning leave to amend.

## DISPOSITION

The judgment is reversed. Harvey shall recover his costs on appeal.

                                        _____
                                        Miller, J.

WE CONCUR:


_____
Stewart, P. J.


_____
Richman, J.


A172235, *Harvey v. Maionchi*

14