Filed 4/26/23  Valenzuela v. H-Mart Los Angeles CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JAIME VALENZUELA et al.,<br><br>      Plaintiffs and Appellants,<br><br>      v.<br><br>H-MART LOS ANGELES, LLC, et al.,<br><br>      Defendants and Respondents. | B314209<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV10467) |

      APPEAL from a judgment of the Superior Court of Los Angeles County, Gloria L. White-Brown, Judge.  Reversed and remanded with directions.

      Law Office of Otto L. Haselhoff and Otto L. Haselhoff for Plaintiffs and Appellants.

      Daniels, Fine, Israel, Schonbuch & Lebovits and Bernadette Castillo Brouses for Defendants and Respondents.

—————————————

Appellants Jaime Valenzuela and Tammy Martinez (collectively, plaintiffs) sued multiple defendants, asserting causes of action arising out of an automobile accident that resulted in the death of their son. Plaintiffs allege that a truck driver, who was hauling produce, caused the accident by obstructing all lanes of traffic on State Route 74 while attempting to make a left turn onto the highway.

According to plaintiffs, respondents H-Mart Los Angeles, LLC (H-Mart) and Grand Supercenter, Inc. (GSI) are engaged in the business of selling, delivering, and distributing produce.[1] Plaintiffs claim H-Mart and GSI are vicariously liable for the truck driver's negligence under the doctrine of respondeat superior. In particular, they allege H-Mart and GSI employed the truck driver through an agent—a logistics company that had the right to control the manner in which the truck driver transported the produce.

The trial court sustained H-Mart's and GSI's demurrer to the operative complaint without leave to amend because plaintiffs failed to aver specific facts establishing that H-Mart and GSI had a relationship to the truck driver or any of the other persons involved in the transportation of the produce on the truck. Plaintiffs appeal from the ensuing judgment dismissing H-Mart and GSI from the action.

We conclude that although the operative complaint's allegations of employment and agency are general in certain respects, plaintiffs have averred sufficient facts under our state's liberal pleading rules to demonstrate that the truck driver was

---

[1] The only parties to this appeal are plaintiffs, H-Mart, and GSI.

2

an employee of H-Mart and GSI, and that his alleged negligence fell within the scope of his employment. We thus reverse the judgment of dismissal, and direct the trial court to overrule H-Mart's and GSI's demurrer upon remand. Our decision is predicated in part upon *Skopp v. Weaver* (1976) 16 Cal.3d 432 (*Skopp*), which held that a general averment of agency, in and of itself, is sufficient to establish the existence of that relationship at the pleading stage. (See *id.* at pp. 437, 439.) Even though *Skopp* is pertinent binding Supreme Court authority[2] on which plaintiffs rely in their opening and reply briefs, H-Mart and GSI fail to discuss the case at all in their respondents' brief.

Our holding is limited to the issue of whether plaintiffs adequately pled that H-Mart and GSI are vicariously liable for the truck driver's alleged negligence. We express no opinion on whether plaintiffs' causes of action against H-Mart and GSI would survive an evidentiary dispositive motion or whether plaintiffs would prevail at trial.

### FACTUAL AND PROCEDURAL BACKGROUND[3]

We summarize only those facts pertinent to our disposition of this appeal.

---

[2] (See *People v. Perez* (2020) 9 Cal.5th 1, 13 [" 'The decisions of [the state supreme court] are binding upon and must be followed by all the state courts of California.' "].)

[3] Our Factual and Procedural Background is based in part on undisputed aspects of the trial court's ruling on H-Mart's and GSI's demurrer, along with admissions made by the parties in their briefing. (See *Baxter v. State Teachers' Retirement System* (2017) 18 Cal.App.5th 340, 349, fn. 2 [utilizing the summary of facts provided in the trial court's ruling]; *Artal v. Allen* (2003) 111 Cal.App.4th 273, 275, fn. 2 [" '[B]riefs and argument . . . are

## 1.    *The third amended complaint*

On February 24, 2021, plaintiffs filed the operative third amended complaint against various defendants, including H-Mart; GSI; Martin Andaluz Abarca; Erick's Transportation, Inc.; Humberto Mazariegos; and C.H. Robinson Worldwide, Inc. (C.H. Robinson).  The third amended complaint alleges the following eight causes of action:  (1) negligence/reckless conduct; (2) products liability-negligence; (3) products liability-failure to warn; (4) products liability-strict liability; (5) products liability-breach of warranties; (6) products liability-misrepresentation & concealment; (7) survival action; and (8) declaratory relief. Plaintiffs named GSI as a defendant on the first, second, third, fourth, fifth, sixth, and seventh causes of action, and H-Mart as a defendant on the first and seventh causes of action.

According to the third amended complaint, plaintiffs are the parents of Irving Valenzuela, an individual who died following a motor vehicle accident that occurred "[o]n or about July 9, 2017, at approximately 10:10 p.m." on State Route 74 in Riverside County.[4]  Just before the collision, Irving was driving along State Route 74 and defendant Abarca, the driver of a truck with an attached trailer, was turning left onto the highway from

reliable indications of a party's position on the facts as well as the law, and a reviewing court may make use of statements therein as admissions against the party.' "].)

[4] The remainder of this part summarizes certain allegations from the third amended complaint.  We express no opinion as to the veracity of these averments.

Furthermore, for the sake of clarity and consistency, and meaning no disrespect, we refer to Irving Valenzuela by his first name.

a truck yard/storage facility.  By turning left onto State Route 74, Abarca caused the truck to "block[ ] all lanes of travel on the adjacent roadway, State Route 74, creating a hazard for oncoming traffic."  "Faced with a completely blocked roadway, . . . IRVING . . . was unable to bring the vehicle he was operating . . . to rest prior to the collision with the underside of the tractor trailer combination being operated by" Abarca.  "[A] major impact occurred between [Irving's] head, upper body, and the trailer, which ultimately resulted in [his] . . . death[,] . . . although [he] briefly survived the impact before succumbing" to his injuries.

At the time of the collision, Abarca was employed by Erick's Transportation, Inc., and Abarca "drove as he did due to the desire to deliver on time and in good condition fruit and other items subject to spoilage."**5**  Erick's Transportation, Inc.; Mazariegos; "and/or one or more" doe defendants "are believed to have owned the tractor trailer combination," which "ABARCA was operating with their permission . . . ."

---

**5**  H-Mart and GSI claim that, "[a]t the time of this accident, Abarca allegedly hauled Fuji apples," and that "[t]he apples were being shipped from a company in Yakima, Washington to their ultimate destination, *i.e.*, allegedly [H-Mart and GSI] in or near Whittier, California."  They provide no record citations for these assertions, and our review of the 85-page third amended complaint does not reveal any support for them.  (See *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590 ["[A]rguments not supported by adequate citations to [the] record need not be considered on appeal."]; *Fierro v. Landry's Restaurant Inc.* (2019) 32 Cal.App.5th 276, 281, fn. 5 [holding that "we are unable to accept counsel's argument on appeal as facts"].)

As we explain in greater detail in Discussion, part B.1, *post*, C.H. Robinson directly hired and contracted with Abarca to operate the truck, and it regularly monitored and controlled the manner in which he drove the truck. H-Mart and GSI, which are in the business of "produce delivery, sale and distribution," had retained C.H. Robinson as their agent, thereby securing the right to control the manner in which Abarca transported the goods on the truck. (See Discussion, part B.1, *post*.) Abarca was H-Mart's and GSI's employee, and he was acting in the course and scope of his employment when he caused the motor vehicle accident that resulted in Irving's death. (See Discussion, part B.1, *post*.)

2.  ***H-Mart's and GSI's demurrer, plaintiffs' dismissal of certain causes of action against H-Mart and GSI, the trial court's ruling on the demurrer, the ensuing judgment of dismissal, and plaintiffs' notice of appeal***

H-Mart and GSI demurred to the third amended complaint's first, second, third, fourth, fifth, sixth, and seventh causes of action, arguing that plaintiffs failed to allege facts sufficient to constitute these causes of action and that the claims were uncertain.

Plaintiffs then dismissed the second, third, fourth, fifth, and sixth causes of action against H-Mart and GSI without prejudice. We observe that H-Mart was not named as a defendant on those causes of action. (Factual & Procedural Background, part 1, *ante*.) Plaintiffs opposed the demurrer, and H-Mart and GSI filed a reply.

Following a hearing on H-Mart's and GSI's demurrer, the trial court overruled as moot H-Mart's and GSI's demurrer to the second, third, fourth, fifth, and sixth causes of action, and

6

sustained the demurrer without leave to amend as to the first and seventh causes of action against them.  In sustaining the demurrer to the first cause of action for negligence/reckless conduct, the court found, "There are no specific factual allegations that H Mart and/or GSI have any relationship with Abarca or his employers or that H Mart and/or GSI, in any capacity, transported the produce freight/load on the date of the accident."  The court also remarked, "There are no specific allegations that H Mart and/or GSI directly selected or directly contracted with Abarca or his employers to carry any of its product, nor that H Mart and/or GSI controlled or instructed Abarca or his employers in any fashion with respect to the delivery and transportation of any products."  The court sustained the demurrer to the seventh cause of action (i.e., the survival cause of action) "on the basis that it is derivative of the first cause of action."

The trial court entered judgment dismissing H-Mart and GSI from the action.  Plaintiffs filed a timely appeal from the judgment of dismissal.[6]

---

[6] Although the judgment did not resolve plaintiffs' claims against the other defendants, we have jurisdiction because the judgment left no issue to be determined as to H-Mart and GSI. (See *Ram v. OneWest Bank, FSB* (2015) 234 Cal.App.4th 1, 9 [" 'Under the "one final judgment" rule, an order or judgment that fails to dispose of all claims between the litigants is not appealable under Code of Civil Procedure section 904.1, subdivision (a).' [Citation.]  This rule does not apply, however, ' "when the case involves multiple parties and a judgment is entered which leaves no issue to be determined as to one party." ' "].)

7

## STANDARDS OF REVIEW

"The party against whom a complaint . . . has been filed may object, by demurrer . . . to the pleading on any one or more of the following grounds:  [¶] . . . [¶] . . . The pleading does not state facts sufficient to constitute a cause of action[; and] . . . [¶] . . . The pleading is uncertain. . . . '[U]ncertain' includes ambiguous and unintelligible."  (See Code Civ. Proc., § 430.10, subds. (e) & (f).)

"We independently review the ruling on a demurrer and determine de novo whether the pleading alleges facts sufficient to state a cause of action.  [Citation.]  We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice can and has been taken.  [Citation.]  We construe the pleading in a reasonable manner and read the allegations in context." (*Santa Ana Police Officers Assn. v. City of Santa Ana* (2017) 13 Cal.App.5th 317, 323–324 (*Santa Ana Police Officers Assn.*).)  "A complaint's allegations are construed liberally in favor of the pleader." (*Ferrick v. Santa Clara University* (2014) 231 Cal.App.4th 1337, 1341; accord, Code Civ. Proc., § 452.)

" '[I]t is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory.  [Citation.]'  [Citations.]" (*Franklin v. The Monadnock Co.* (2007) 151 Cal.App.4th 252, 257 (*Franklin I*).)  Furthermore, "[a] demurrer does not lie to a portion of a cause of action.  [Citations.] . . . [¶] . . . [W]hen a substantive defect [in part of a cause of action] is clear from the face of a complaint, . . . a defendant may attack that portion of the cause of action by filing

8

a motion to strike."[7]  (See *PH II, Inc. v. Superior Court* (1995) 33 Cal.App.4th 1680, 1682–1683 (*PH II, Inc.*); see also Code Civ. Proc., § 430.50, subd. (a) ["A demurrer to a complaint . . . may be taken to the whole complaint . . . or to *any of the causes of action* stated therein," italics added].)

"We review the denial of leave to amend for abuse of discretion, asking whether there is 'a reasonable possibility that the complaint can be cured by amendment.' [Citation.]" (*Nede Mgmt., Inc. v. Aspen American Ins. Co.* (2021) 68 Cal.App.5th 1121, 1129.)

## DISCUSSION

For the reasons discussed below, we conclude that the trial court erred in sustaining H-Mart's and GSI's demurrer to the first and seventh causes of action.  Our resolution of this appeal moots plaintiffs' contention that the trial court erred in denying them leave to amend their pleading.

## A.  Law Governing Pleadings, Negligence, and Vicarious Liability

Before turning to the substance of the demurrer, we address general principles applicable to this appeal.

" 'The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury.  [Citation.]' [Citation.]" (*Phillips v. TLC Plumbing, Inc.* (2009) 172 Cal.App.4th 1133, 1139 (*Phillips*).)

---

[7]  H-Mart's and GSI's demurrer was not accompanied by a motion to strike.

9

" 'Under the doctrine of respondeat superior, an employer is vicariously liable for his employee's torts committed within the scope of the employment.' [Citation.] . . . 'It is . . . settled that an employer's vicarious liability may extend to willful and malicious torts of an employee as well as negligence.[8] [Citations.]' [Citation.] [¶] . . . [¶] 'The primary test of an employment relationship is whether the " 'person to whom service is rendered has the right to control the manner and means of accomplishing the result desired. . . .' " [Citation.]' " (*Jackson v. AEG Live, LLC* (2015) 233 Cal.App.4th 1156, 1178–1179 (*Jackson*).)

" 'An agent is one who represents another, called the principal, in dealings with third persons.  Such representation is called agency.' [Citation.]  'An agency is either actual or ostensible.' [Citation.] . . . [¶] 'An agency is actual when the agent is really employed by the principal.' [Citation.]  For an actual agency to exist, ' "[t]he principal must in some manner indicate that the agent is to act for him, and the agent must act or agree to act on his behalf and subject to his control."

---

**8** H-Mart and GSI argue the trial court did not err in sustaining the demurrer to the first cause of action insofar as it avers they "acted recklessly with deliberate disregard for others." It appears that H-Mart and GSI raise this contention because the first cause of action is titled "Negligence/Reckless Conduct," although the allegations in the section of the pleading concerning that cause of action seem to be premised solely on a negligence theory.  We do not reach this issue because we conclude plaintiffs aver adequately that H-Mart and GSI are vicariously liable for Abarca's alleged negligence.  (See Discussion, part B, *post*; *PH II, Inc.*, *supra*, 33 Cal.App.4th at pp. 1682–1683 [holding that a trial court may not sustain a demurrer to only part of a cause of action].)

[Citation.] In the absence of the essential characteristic of the right of control, there is no true agency and, therefore, no "imputation" of the [alleged agent's] negligence to the [alleged principal]. [Citations.]' . . . [Citation.]" (*Franklin v. Santa Barbara Cottage Hospital* (2022) 82 Cal.App.5th 395, 403–404 (*Franklin II*).)

Ordinarily, "a pleading alleges facts sufficient to state a cause of action" " 'if it alleges ultimate rather than evidentiary facts' constituting the cause of action." (See *Foster v. Sexton* (2021) 61 Cal.App.5th 998, 1019 (*Foster*).) "However, distinguishing ' "[u]ltimate facts" ' from ' "legal conclusion[s]" ' can be difficult. [Citations.] Generally, court[s] and litigants are guided in making these distinctions by the principle that a plaintiff is required only to set forth the essential facts with ' " ' "particularity sufficient to acquaint a defendant with the nature, source and extent of [the plaintiff's] cause of action." ' " ' [Citation.]" (*Id.* at pp. 1027–1028.) "In permitting allegations to be made in general terms the courts have said that the particularity of pleading required depends upon the extent to which the defendant in fairness needs detailed information that can be conveniently provided by the plaintiff, and that less particularity is required when the defendant may be assumed to possess knowledge of the facts at least equal, if not superior, to that possessed by the plaintiff." (*Burks v. Poppy Construction Co.* (1962) 57 Cal.2d 463, 474 (*Burks*).)

"For policy reasons, some causes of action, such as fraud and negligent misrepresentation, must be pleaded with particularity—that is, the pleading must set forth how, when, where, to whom, and by what means the representations were made." (*Foster*, *supra*, 61 Cal.App.5th at p. 1028.) Conversely, as

11

a general rule, a negligence cause of action is not subject to a heightened pleading standard. (See *Hoyem v. Manhattan Beach City Sch. Dist.* (1978) 22 Cal.3d 508, 514 ["Under well established principles, . . . general allegations of negligence, proximate causation and resulting injury and damages suffice to state a cause of action."]; 4 Witkin, Cal. Procedure (6th ed. 2021) Pleading, § 601 ["Negligence may be pleaded in general terms . . . . This rule is established by a long line of decisions."].)

"In some cases, ultimate facts . . . may be alleged by a straightforward allegation without underlying evidentiary facts." (1 Cal. Affirmative Def. (2d ed. 2022) § 10:2.) For instance, our high court has held "that an allegation of agency as such is a statement of ultimate fact." (See *Skopp*, *supra*, 16 Cal.3d at p. 439; see also *id.* at p. 437 [observing that "numerous cases have held a pleading of agency an averment of ultimate fact"].) The Supreme Court explained that after a plaintiff has alleged the existence of an agency relationship, "further allegations explaining how this fact of agency originated become unnecessary." (See *id.* at p. 439.)

Similarly, allegations that a tortfeasor is an employee of the defendant and committed the tort within the course or scope of employment are ultimate facts. *May v. Farrell* (1928) 94 Cal.App. 703, is instructive on this point. There, a personal injury plaintiff secured a judgment after a jury trial against the driver of a vehicle who caused the accident in question, and against an automobile dealer that the plaintiff alleged had been the driver's employer. (See *id.* at pp. 706–707.) The automobile dealer, which had "denied the employment" and claimed the driver was an independent contractor, appealed the judgment, arguing, inter alia, that "the complaint failed to state a cause of

12

action against the [dealer] in that no facts are pleaded showing that [the driver] was acting within the scope of any contract of employment." (See *id.* at p. 707.) The complaint had alleged that the driver " 'was in the employment of [the dealer],' " and that, " 'while [the driver] was acting in the scope of said employment,' " he " 'negligently drove and operated [an] automobile[,]' " thereby colliding with the vehicle in which the plaintiff was a passenger. (See *ibid.*)

The Court of Appeal rejected the automobile dealer's challenge to the plaintiff's complaint, remarking: "We think the allegations were sufficient." (See *May*, *supra*, 94 Cal.App. at p. 707.) The court reasoned that "the terms 'scope of employment' and 'course of employment,' like negligence, are now generally regarded as conclusions of fact, and under liberal rules of pleading a complaint containing such allegations is sufficient to justify the admission of evidence in support thereof." (*Id.* at pp. 707–708.) The *May* court further explained that "less particularity is required where the defendant, from the nature of and his relation to the facts, has full information concerning them," and that " 'the particular duties with which the servant is charged' " is a " 'matter[ ] lying peculiarly within the knowledge of the defendant and often beyond that of the plaintiff.' " (See *id.* at p. 708.)

Subsequent Court of Appeal decisions likewise have held that such general averments are sufficient at the pleading stage. (See *Shields v. Oxnard Harbor Dist.* (1941) 46 Cal.App.2d 477, 481–482, 485–486 (*Shields*) [holding that a complaint's averment that the driver of a vehicle was " 'employed by' " defendant-governmental agency and was acting " 'within the course and scope of his employment' " at the time of the collision was "a

13

sufficient allegation that [the driver] at the time of the accident was the servant" of the defendant-governmental agency and "acting within the course and scope of his employment"]; *Garton v. Title Ins. & Trust Co.* (1980) 106 Cal.App.3d 365, 371–372, 375–377 (*Garton*) [indicating that a complaint alleging that "the defendants were the agents and employees of each other and were acting in the course and scope of their agency, employment and authority" had sufficiently pled that one of the defendants "was acting as an agent or employee" of another defendant]; see also 2B Cal.Jur.3d (2023) Agency, § 6 ["There is substantial overlap in the factors for determining whether one is an employee or an agent. . . .  [T]hese categories are not mutually exclusive; one can be both an agent and employee," fn. omitted].)

Additionally, B.E. Witkin's leading treatise on California law observes that "allegations concerning 'employment' and 'scope of employment' " constitute "ultimate facts."  (See 4 Witkin, Cal. Procedure (6th ed. 2021) Pleading, § 401 [boldface & capitalization omitted]; 5 Witkin, Cal. Procedure (6th ed. 2021) Pleading, at § 918 ["The courts have approved a general statement to the effect that the wrongdoer was the agent or employee of the defendant principal, and 'was acting in the scope of his employment.' "]; see also *Taylor v. Bell* (1971) 21 Cal.App.3d 1002, 1007 [describing Mr. Witkin as "the leading text writer on California law"].)

## B.   Plaintiffs Adequately Pled Ultimate Facts Establishing H-Mart's and GSI's Vicarious Liability for Abarca's Alleged Negligence

H-Mart and GSI assert, "There are no specific factual allegations in the Third Amended Complaint supporting that [H-Mart and GSI] controlled Abarca; directed Abarca; instructed

14

Abarca; paid Abarca; and/or had any rights or duties in connection with Abarca's means and method of transporting the produce." H-Mart and GSI maintain "[t]here are no specific factual allegations supporting that [they] had any special relationship with Abarca or Abarca's employers, or that [H-Mart and GSI] selected or contracted with any of them with respect to the delivery and transportation of the produce." H-Mart and GSI further contend plaintiffs have alleged that "Erick's Transportation, Mazariegos, and/or Does 1-100 gave Abarca permission to operate the tractor-trailer," and plaintiffs' counsel represented at the demurrer hearing "discovery revealed that CH Robinson, which contracted with Erick's Transportation for motor carrier services, was involved in the trucking and hauling process by requiring check-ins, posing fines, and dictating trucking routes."[9] According to H-Mart and GSI, "[a]t best, Abarca hauled apples that may have been ultimately intended for delivery or sale to consumers at" H-Mart's and GSI's grocery stores.

These arguments fail because plaintiffs pled facts sufficient to establish that H-Mart and GSI employed Abarca through their agent, co-defendant C.H. Robinson.

---

[9] H-Mart and GSI also intimate plaintiffs' counsel stated at the demurrer hearing that "discovery revealed that CH Robinson, *not the Food Stores* [(i.e., H-Mart and GSI)], exuded control of commercial truck drivers . . . ." (Italics added.) Any claim that plaintiffs' counsel somehow exculpated H-Mart and GSI at the hearing is belied by the record. Fairly read, the record reveals that counsel merely represented he had obtained evidence showing that C.H. Robinson exercised control over drivers.

### 1. *Plaintiffs alleged that H-Mart and GSI employed Abarca through their agent, C.H. Robinson*

Regarding C.H. Robinson's relationship with Abarca, plaintiffs allege that C.H. Robinson "directly hired and contracted with the driver ABARCA to operate the tractor trailer truck" and "directly employed that driver for [its] benefit and controlled him." Plaintiffs further aver that C.H. Robinson "regularly monitors and controls all of its drivers" through its " 'logistics division[,]' " and that C.H. Robinson "provided maps and driving directions" to Abarca "through its dispatcher." In the order sustaining H-Mart's and GSI's demurrer, the trial court overruled C.H. Robinson's demurrer to the first and seventh causes of action because these allegations "adequately pled" that C.H. Robinson " 'controlled Abarca's conduct, including the manner in which he drove the tractor-trailer.' " Because H-Mart and GSI do not challenge this ruling, we presume that it is correct.[10]

Notably, in paragraph 113 of the pleading, which is titled "Additional Liability Facts Applicable to H-Mart, and Grand Super Center Defendants" (italics & underscoring omitted),

---

[10] (See *Tokio Marine & Fire Ins. Corp. v. Western Pacific Roofing Corp.* (1999) 75 Cal.App.4th 110, 118 ["[T]he general rule [is] that trial court rulings are presumed correct."]; *In re D.N.* (2020) 56 Cal.App.5th 741, 767 (*D.N.*) [" ' "[I]t is as much the duty of the respondent to assist the [appellate] court upon the appeal as it is to properly present a case in the first instance, in the court below." ' "]; Code Civ. Proc., § 906 [providing that the respondent may, "without appealing from [the] judgment, request the reviewing court to . . . review" an "intermediate ruling . . . which . . . necessarily affects the judgment"].)

16

plaintiffs aver, inter alia, that Abarca "was a de-facto employee of" H-Mart and GSI; H-Mart and GSI "retained and exercised a right of control over the truck driver through their agent, defendant C.H. ROBINSON[,] . . . including but not limited to, the manner in which the goods would be transported;" and H-Mart and GSI, "through their agent, defendant C.H. ROBINSON[,] . . . agreed that shipments would be sent to their specified destination 'without delay' unless a specified delivery date and time was communicated in which case delivery shall be performed in accordance with that date and time." Additionally, plaintiffs allege in paragraph 88 of their pleading that Abarca "was acting as an agent for, and employee of," among other defendants, H-Mart and GSI.[11] At the outset of the pleading, plaintiffs also aver that "[a]t all times hereinafter mentioned, . . . defendants were the agents, servants, [and] employees . . . of[ ] . . . each other, and were as such, acting within the scope and authority of said agency[ and] employment . . . ."

Pursuant to the *Skopp* decision, plaintiffs' allegation that C.H. Robinson was H-Mart's and GSI's agent is an ultimate fact

---

[11] This paragraph of the third amended complaint also alleges that Abarca was a "partner of, and in a joint venture with," H-Mart, GSI, and other defendants. These allegations are not pertinent to our resolution of this appeal. (See *Domino v. Mobley* (1956) 144 Cal.App.2d 24, 27–28 ["Surplusage is to be disregarded. If upon a consideration of all the facts stated it appears the plaintiff is entitled to any relief at the hands of the court against the defendant, the complaint will be held good although the facts may not be clearly stated or may be intermingled with a statement of other facts irrelevant to the cause of action shown . . . ."].)

that is accepted as true in ruling upon a demurrer.[12]
Accordingly, we infer that H-Mart and GSI had the right to
control C.H. Robinson in connection with the transportation of
the goods on the truck.[13]  Further, as explained above, the trial
court made the presumptively correct ruling that plaintiffs pled
facts sufficient to establish that C.H. Robinson had the right to
control the manner in which the goods were to be transported by
Abarca.  That undisputed ruling and C.H. Robinson's status as
H-Mart's and GSI's agent support plaintiffs' express allegations
that Abarca was H-Mart's and GSI's employee and that the
collision occurred within the scope of that employment,[14] express
allegations that are, in and of themselves, ultimate facts.[15]

---

[12] (See *Skopp*, *supra*, 16 Cal.3d at pp. 437, 439; see also
*Foster*, *supra*, 61 Cal.App.5th at p. 1019 ["Ordinarily, a pleading
'is sufficient if it alleges ultimate rather than evidentiary facts'
constituting the cause of action."].)

[13] (See *Franklin II*, *supra*, 82 Cal.App.5th at pp. 403–404
[holding that a principal's right to control an agent is an
"essential characteristic" of an actual agency relationship]; *Santa
Ana Police Officers Assn.*, *supra*, 13 Cal.App.5th at pp. 323–324
[holding that on demurrer, a court assumes the truth of "facts
that reasonably can be inferred from those expressly pleaded"].)

[14] (See *Jackson*, *supra*, 233 Cal.App.4th at pp. 1178–1179
[" 'The primary test of an employment relationship is whether the
" 'person to whom service is rendered has the right to control the
manner and means of accomplishing the result desired.' " ' "].)

[15] (*Garton*, *supra*, 106 Cal.App.3d at pp. 371–372, 375–
377; *Shields*, *supra*, 46 Cal.App.2d at pp. 481–482, 485–486; *May*,
*supra*, 94 Cal.App. at pp. 706–708.)

Additionally, as we explain in Discussion, part B.2, *post*,
the fact that a pleading alleges that more than one entity had the

18

Under these circumstances, we conclude plaintiffs averred sufficient facts to hold H-Mart and GSI vicariously liable for Abarca's alleged negligence under the doctrine of respondeat superior.[16]  Because H-Mart and GSI are presumably aware of the precise nature and extent of their relationships with C.H. Robinson and Abarca, the law does not require plaintiffs to allege facts concerning those relationships with greater specificity.[17]  Our conclusion that H-Mart and GSI allegedly possessed the right to control Abarca also rebuts their contention that overruling the demurrer "would be tantamount to holding a

right to control an employee's conduct does not defeat vicarious liability as a matter of law, given that an employee's torts may be imputed to more than one employer.

[16]  H-Mart and GSI do not argue plaintiffs failed to aver sufficient facts to state a negligence cause of action against Abarca.  Regardless, plaintiffs' allegations that Abarca, in "block[ing] all lanes of travel on . . . State Route 74," "negligently killed [their] son, . . . thereby causing damages to . . . plaintiffs," are sufficient to state a negligence cause of action against Abarca. (See *Phillips*, *supra*, 172 Cal.App.4th at p. 1139; [identifying the essential elements of a negligence claim]; 4 Witkin, Cal. Procedure (6th ed. 2021) Pleading, § 601 [indicating that negligence causes of action are typically not subject to a heightened pleading standard].)

[17]  (See *Burks*, *supra*, 57 Cal.2d at p. 474 ["[L]ess particularity is required where the defendant may be assumed to possess knowledge of the facts at least equal, if not superior, to that possessed by the plaintiff."]; *May*, *supra*, 94 Cal.App. at p. 708 [stating that " 'the particular duties with which the [defendant's] servant is charged' " is a " 'matter[ ] lying peculiarly within the knowledge of the defendant and often beyond that of the plaintiff' "].)

19

consumer liable for his Amazon delivery driver's motor vehicle accident while en route to deliver his Amazon package . . . ."

### 2. Plaintiffs' allegations that other defendants also had the right to control Abarca's conduct are not fatal to the causes of action against H-Mart and GSI

H-Mart and GSI suggest the trial court correctly sustained their demurrer to the third amended complaint because averments appearing in the paragraph titled "Additional Liability Facts Applicable to H-Mart[ ] and Grand Super Center Defendants" (i.e., paragraph 113) "are not, in fact, unique to [H-Mart and GSI] at all." (Italics & underscoring omitted from the first quotation.) Likewise, the trial court apparently discounted allegations appearing in paragraph 113 because they "are not unique to H Mart and GSI but instead are repeated verbatim as to other defendants."

We acknowledge that plaintiffs leveled the averments from paragraph 113 quoted in Discussion, part B.1, *ante* (i.e., allegations of an agency relationship with C.H. Robinson and an employment relationship with Abarca) against co-defendant Trout-Blue Chelan-Magi, Inc.; four co-defendants collectively identified as "the Chelean Entities" (italics & underscoring omitted); two co-defendants collectively identified as "the Columbia Reach Entities" (italics & underscoring omitted); and co-defendants Oneta Trading Corporation and Custom Apple Packers, Inc.

Yet, H-Mart, GSI, and the trial court did not cite any authority for the proposition that a court may disregard a pleading's assertions if they are made against multiple defendants, nor has our research revealed any such authority. Indeed, that approach is difficult to reconcile with the "basic

20

rule . . . to construe the allegations of a complaint liberally in favor of the pleader." (See *Skopp*, *supra*, 16 Cal.3d at p. 438.)

Further, it is not apparent that plaintiffs' allegations that these other co-defendants also had the right to control Abarca necessarily undermines plaintiffs' theory of liability against H-Mart and GSI. For instance, according to the third amended complaint, defendant Trout-Blue Chelan-Magi, Inc. "had produce on the truck driven by . . . ABARCA . . . ." If, as H-Mart and GSI suggest in their briefing, H-Mart's and GSI's grocery stores were the "ultimate destination[s]" of the produce, then all three defendants arguably had a financial interest in controlling the manner in which the goods were transported.

We also note that under certain circumstances, multiple persons can employ an individual and be vicariously liable for the employee's torts. For example, our high court has observed, "Under the common law, a special employment relationship arises when a ' "general" employer . . . lends an employee to another employer . . . .' [Citation.] . . . 'Where general and special employers share control of an employee's work, a "dual employment" arises, and the general employer remains concurrently and simultaneously, jointly and severally liable for the employee's torts. [Citations.]' [Citation.]" (*State ex rel. Dept. of California Highway Patrol v. Superior Court* (2015) 60 Cal.4th 1002, 1008; see also *Garton*, *supra*, 106 Cal.App.3d at p. 376 [stating the fact that a defendant was employed by one entity "does not preclude the possibility that, for the particular transactions in question, [the defendant] was acting as an agent or employee of [another entity] as well"].)

Thus, notwithstanding H-Mart's and GSI's apparent contention to the contrary, the pleading's allegations against

21

other defendants—liberally construed—do not "contradict" plaintiffs' claim that H-Mart and GSI employed Abarca. Moreover, a court typically does not assess the plausibility of a pleading's factual allegations on a demurrer,[18] and we see no reason to depart from that general rule here.

### 3. *H-Mart's and GSI's argument that they are not identified in a motor carrier contract does not salvage their demurrer*

H-Mart and GSI contend that pursuant to plaintiffs' request, the trial court took judicial notice of a contract entered into by Erick's Transportation, Inc. and C.H. Robinson, whereby the former agreed to provide motor carrier transportation services to the latter. H-Mart and GSI seem to argue that plaintiffs failed to state causes of action against them because H-Mart and GSI "are not identified by name in the . . . [c]ontract to any extent . . . ." We acknowledge " ' "[a] complaint otherwise good on its face is subject to demurrer when facts judicially noticed render it defective." [Citation.]' [Citations.]" (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.) We fail to discern why the purported absence here of a reference to H-Mart and GSI in a contract *between Erick's Transportation, Inc. and C.H. Robinson* would, as a matter of law, controvert plaintiffs' vicarious liability

---

[18] (See *Franceschi v. Franchise Tax Bd.* (2016) 1 Cal.App.5th 247, 256 [" 'It is not the ordinary function of a demurrer to test the truth of the plaintiff's allegations or the accuracy with which he describes the defendant's conduct. . . .' [Citation.] Accordingly, in considering the merits of a demurrer, 'the facts alleged in the pleading are deemed to be true, however improbable they may be.' "].)

theory against respondents. Because H-Mart and GSI do not address this matter further, neither do we. (See *D.N.*, *supra*, 56 Cal.App.5th at p. 767 [noting that the respondent is obligated to assist the reviewing court in sustaining the judgment].)

In sum, plaintiffs have adequately pled a cause of action for negligence against H-Mart and GSI via the doctrine of respondeat superior. In light of this conclusion, we do not discuss plaintiffs' other theories for imposing liability on H-Mart and GSI (e.g., H-Mart and GSI negligently hired and supervised Abarca, and a contract for indemnity establishes they are vicariously liable for Abarca's negligence). (See *Franklin I*, *supra*, 151 Cal.App.4th at p. 257 [" '[I]t is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory.' "].) Furthermore, because H-Mart's and GSI's demurrer to the seventh cause of action (i.e., the survival cause of action) is predicated solely on their challenge to the negligence cause of action, the trial court erred in concluding that plaintiffs failed to allege sufficient facts to state the seventh cause of action as well.

## C.  The Trial Court Erred Insofar as It Sustained the Demurrer for Uncertainty

Although H-Mart and GSI demurred on the grounds that the first and seventh causes of action (1) failed to state facts sufficient to constitute causes of action and (2) were uncertain, the trial court did not clarify in its ruling whether it was sustaining the demurrer on just one of those grounds or on both. On appeal, the parties apparently proceed on the assumption the trial court ruled only that plaintiffs failed to allege facts sufficient to constitute causes of action against H-Mart and GSI.

23

To the extent the trial court's ruling could be interpreted as sustaining a demurrer for uncertainty, the trial court erred.  We assume that H-Mart and GSI are aware of the nature and extent of any relationships they had with C.H. Robinson and Abarca.  (See Discussion, part B.1, *ante.*)  It thus follows that the trial court should have overruled H-Mart's and GSI's demurrer for uncertainty.  (See *Chen v. Berenjian* (2019) 33 Cal.App.5th 811, 822 ["Demurrers for uncertainty . . . are disfavored.  [Citation.] . . . A demurrer for uncertainty should be overruled when the facts as to which the complaint is uncertain are presumptively within the defendant's knowledge."].)

## DISPOSITION

We reverse the judgment dismissing respondents H-Mart Los Angeles, LLC and Grand Supercenter, Inc. from the action.  We remand this matter to the trial court with directions to: (1) vacate its order sustaining the demurrer as to the third amended complaint's first and seventh causes of action against respondents; (2) issue a new order that overrules respondents' demurrer as to those two causes of action; and (3) conduct further proceedings consistent with this opinion.  Appellants Jaime Valenzuela and Tammy Martinez are awarded their costs on appeal.

NOT TO BE PUBLISHED.


                                        BENDIX, J.

We concur:



ROTHSCHILD, P. J.          CHANEY, J.


24